HIGHT *v.* BARRETT & BRADLEY.

The principal object of the pleading act of 1893 is to dispense with trials where there is nothing to try, and to restrict trial to issues actually raised between the parties. Hence, when no defence whatever is filed, every essential averment of fact distinctly and plainly made in plaintiff's petition is to be taken as *prima facie* true, because not denied by answer, nor any excuse rendered for failing to deny.

November 12, 1894.

Action on contract. Before Judge VAN EPPS. City court of Atlanta. May term, 1894.

HULSEY & BATEMAN and HILLYER, ALEXANDER & LAMBDIN, for plaintiff in error.

E. M. & G. F. MITCHELL, *contra.*

ATKINSON, Justice.

In accordance with the act of 1893, which regulates the method of pleading in civil actions in this State, the plaintiff brought his action in the city court of Atlanta for damages for the non-performance by the defendant of a contract for the purchase of certain real estate, by reason whereof he was prevented from earning certain commissions which otherwise he would have earned, and to which he was entitled under his agreement with the defendant. This action was properly framed in accordance with the terms of the act referred to; each averment of fact was plainly and distinctly made in orderly paragraphs, logically stated, each in its appropriate place;

and the whole presented a perfect cause of action. On the day set for the call of the appearance docket, the court gave due notice, and this cause being then called in its regular order, and no defence being filed, the same was marked in default. Afterwards, when the cause was reached in its order, the court, without the plaintiff having introduced any evidence in support of his declaration, instructed the jury to return a verdict in his favor. A motion for a new trial was made upon the ground, that "the verdict was obtained without submitting to the court and jury any evidence, and was taken without any proof whatever, and is therefore void." This motion was overruled, and the question is now for the first time presented, whether such a verdict could be legally rendered.

Prior to the passage of the act under which this suit was brought, there were only two cases in which, upon causes of action cognizable in common law courts, a judgment or verdict could be entered against the defendant without formal proof of plaintiff's demand either before the court or jury. One of these was where the defendant appeared and entered a formal confession of judgment. The other was where, being sued upon an open account and the writ being served personally, he failed to appear and plead at the first term. In such case the court was required to enter a default against the defendant, and thereafter the plaintiff was allowed to take a verdict without further proof, upon the confession implied from his failure to defend.

The act now under consideration marks a new era in the law of pleading in this State. It makes a sweeping, far reaching and radical change in the old order of things. It restores in a new form some of the best principles of the ancient common law rules of pleading, and blends with them, to some extent, the remedial procedure of courts of chancery. It prunes away the

refined subtleties of the special pleader, presenting in a simple, tangible form the real vital issues necessary for consideration in determining the rights of litigants. The legal profession is slow to accept such striking innovations upon rules of civil procedure to which it has been long accustomed, and to which it has in a certain sense become endeared. It is disposed to look with suspicion, and in many instances justly so, upon the modern law reformer, who, without the slightest reference to the symmetry or permanence of a judicial system, seeks to invent some new statutory remedy for the enforcement of every supposed right, instead of leaving such matters for determination under general and uniform rules of procedure.

But the statute now under review, though it may shatter some idols, is so salutary in its effect, so simple and easy of understanding, so highly remedial in its operation, and so eminently beneficial and just in its purposes, it cannot but commend itself to the favor of the profession. It is not perfect in all its details, but whatever defects may exist may easily be remedied by the General Assembly. At all events it is the law; and this court, in dealing with it, will at the outset endeavor so to interpret its provisions as to give full expression to its remedial features. It is neither to be so strictly construed as to the hearing and determination of exceptions to declaration or plea timely made as to deprive the court of all discretion as to the proper time for the determination thereof, nor in such manner as to revolutionize the order of pleading which has heretofore obtained; nor is it to be so liberally construed in favor of dilatory defendants as to deprive the diligent plaintiff of the advantage resulting to him from a failure upon the part of the defendant to timely plead. Let us consider what the right of such a plaintiff is. Assuming that he has in all respects complied with the require-

ments of this act, he is entitled to have the defendant appear at the first term and demur or plead to the action. If no demurrer is filed, or, being filed, is thereafter overruled, he must then make answer to each averment of *fact* stated in the declaration, and failing this, the plaintiff is entitled to have a judgment or verdict (as the cause of action may be upon an unconditional contract in writing or otherwise) *pro confesso.* Should the defendant appear and plead, such averments of fact only are to be so taken as the defendant neither denies, nor alleges his inability, for want of information, either to admit or deny. The act carefully guards the rights of each of the parties, and saving only that the declaration is not required to be sworn to (an omission which the General Assembly might wisely correct), it closely resembles proceedings in equity where discovery is prayed and the defendant fails to answer. With this understanding of the act, how stands this plaintiff in error? The suit against him, as we have seen, was brought upon a liquidated demand in strict compliance with the statute; he was duly served; he failed to appear and plead. Under this condition of affairs, no alternative was left for the court, save to take as confessed the plaintiff's declaration and direct a verdict. The judgment overruling the motion for new trial was therefore correct.                    *Judgment affirmed.*