THE WESTERN UNION TELEGRAPH COMPANY *v.* LARK.

1. According to the decision of this court in *Western Union Telegraph Co. v. James*, 90 *Ga.* 254, there could be a lawful recovery of the statutory penalty from a telegraph company for negligence in delivering a message at one of its offices in this State, although the message came from an office in another State, notwithstanding the provisions of the interstate commerce clause of the Federal constitution.

2. Whether or not since the passage of the pleading act of 1893 it is within the discretion of the court in a civil case not founded on an unconditional contract in writing, and which was in default at the appearance term, to allow, upon proper cause shown, an issuable defense to the action to be filed at a subsequent term, there was no error, under the facts of the present case, in refusing to allow the defendant to file a plea at the trial term.

3. No issuable defense having been filed, it was, under the provisions of this act, proper for the court to treat as true, without proof, every essential averment of fact distinctly and plainly made in the plaintiff's petition; and this being so, the plaintiff's right to recover was established. As the amount of the recovery was a penalty fixed by the statute and could be neither more nor less, no evi-

dence was necessary for the purpose of showing for what sum the verdict should be rendered, and accordingly there was no error in directing a verdict in the plaintiff's favor for the amount of the statutory penalty.

June 10, 1895.

Action for penalty. Before Judge SMITH. Telfair superior court. October term, 1894.

CROVATT & WHITFIELD and HARRISON & PEEPLES, for plaintiff in error. D. C. McLENNAN, *contra*.

SIMMONS, Chief Justice.

1. The court did not err in overruling the defendant's motion to dismiss the action. According to the decision of this court in *Western Union Telegraph Co.* v. *James*, 90 *Ga.* 254, the interstate commerce clause of the Federal constitution had no application to the case. Although the telegram in question was sent from an office of the defendant in another State, the ground upon which the plaintiff sought to recover the statutory penalty was the failure of the defendant to deliver the message after it had reached the office to which it was addressed in this State.

2. No plea was filed at the appearance term of the case. At the trial term counsel for the defendant stated to the court that he had sent a plea to the clerk of court by mail in time to be filed at the first term. The clerk testified that he did not receive the plea until about a month before the trial term. Under this state of facts, the court did not err in refusing to allow the defendant to file its plea at the trial term. It was the duty of the defendant to file its defense at the appearance term, and if the plea was sent to the clerk as stated by counsel for the defendant, counsel ought to have ascertained in due time whether it had been received or not. One of the purposes of the pleading act of 1893 was to provide for timely notice to the plaintiff of the defenses to be made by the defendant, and to put an end as far as prac-

ticable to the delays which could be obtained by defendants under the old system of pleading; and this purpose would be to a great extent defeated if judges were to allow pleas to be filed at the trial term upon such a showing as that made in the present case. Whether the trial judge has any discretion under that act or not to allow a plea to be filed at the second term where none was filed at the first term, there was no error in refusing to allow it to be done in this case.

3. The pleading act of 1893 declares that "any averment distinctly and plainly made in the plaintiff's petition, which is not denied by the defendant's answer, shall be taken as *prima facie* true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information." (Acts 1893, p. 57.) No plea of any kind having been filed in this case, every essential allegation in the plaintiff's petition must be taken as *prima facie* true, and it was not necessary to introduce evidence to establish the averments. This is another wise provision of the act of 1893. Why should evidence be introduced to prove a fact which is not denied? None of the allegations being denied, and the amount sued for being a penalty prescribed by the legislature, and the recovery being necessarily for that particular amount, the court did not err in directing a verdict in the plaintiff's favor for that amount. See *Hight* v. *Barrett*, 94 *Ga.* 792, 21 S. E. Rep. 1008.        *Judgment affirmed.*