## 19124.   ASKEW *v.* ASKEW.

Submitted October 10, 1955—Decided November 14, 1955.

*Harold E. Ward,* for plaintiff in error.

*W. W. Larsen, W. W. Larsen, Jr.,* contra.

WYATT, Presiding Justice. 1. (a) There was no error in overruling the demurrer to the answer on the ground that it showed on its face that defendant had no defense. The answer simply admitted that the amounts alleged as having been awarded as alimony were so awarded and denied all other allegations of the petition. The defendant then further alleged that he was unable to pay the sums alleged, and alleged the facts as to why he was unable to pay said sums. These denials and allegations, if true, as they must be taken to be on demurrer, would be a proper defense to the action. It was, therefore, not error to overrule the demurrer on this ground.

(b) It is next contended that it was error to overrule the demurrer to the answer on the ground that there was a misjoinder of causes of action. There is no merit in this contention for the reason that there is no such misjoinder of causes of action.

2. It is next contended that the evidence did not authorize the finding that defendant was not in contempt of court. There is no merit in this contention. The evidence was uncontradicted that defendant had lost his job and had no earnings. There was evidence to the effect that he had tendered to petitioner all that was due under the alimony judgment, which she refused to accept. Petitioner's evidence sharply contradicted this testimony, and she denied that defendant had tendered to her all that was due. The judge of the court below had a right to believe the evidence of one of the parties as well as the other. Under these circumstances, this court will not disturb the findings of the court below. It was not error to refuse to hold the defendant in contempt of court.

3. Plaintiff in error also assigns as error the admission, over timely objection, of certain evidence upon the hearing before the

judge. Since this question is not argued before this court, either orally or by brief, it will be considered as having been abandoned.

4. It is further contended that it was error to award custody of the minor children to the paternal grandmother. There is no merit in this contention. Petitioner, to whom custody was awarded in the divorce proceeding, voluntarily surrendered custody of the children to the defendant. She thereby lost her right to their custody and control. It was stated in open court by the attorney for the plaintiff that no children were involved in this contempt proceeding, and a writing signed by the plaintiff and the defendant appears in the record by which the plaintiff agreed to surrender the custody of the children to the defendant. This surrender by the mother of the custody of the children is such a change in condition as will authorize a court to consider again the question of custody. It appears from the record that the grandmother is willing and able to give the children a good home, and no contention is made, and no evidence appears, as to why she is not a fit and proper person to have custody of these children. It therefore follows that there was no error in awarding their custody to the paternal grandmother.

5. It follows from what has been said above, there is no error in the judgment complained of.

*Judgment affirmed. All the Justices concur.*