19822. CHUMLEY *v.* IRWIN *et al.*

WYATT, Presiding Justice. Mrs. Annie Chumley brought her petition for habeas corpus against James S. Irwin, her former husband, and John Samuel Irwin and Mrs. Eva Irwin, his parents, seeking to obtain custody of two minor children of the petitioner and James S. Irwin. The petition alleged in substance that a divorce was granted between the petitioner and James S. Irwin. A copy of the decree is by amendment attached and made a part of the petition. It is alleged that the decree made no permanent award of custody, but in lieu thereof made a temporary award to the paternal grandparents until either parent made application for permanent custody. The petition also alleged that there had been certain changes in conditions affecting the welfare of the children since the decree, which would authorize a new award. A general demurrer to the petition was sustained. The exception here is to that judgment. *Held:*

1. The law is well settled in this State that, when children are involved in the granting of a divorce, it is the duty of the judge to award their custody, and that this question is as vital as the granting of divorce and alimony. *Burton* v. *Furcron,* 207 *Ga.* 637 (63 S. E. 2d 650). It is also clear that, when an award of custody is made in a divorce proceeding, the award is permanent and final until a sufficient change in condition is shown; and that this is true despite any language the trial judge might use in an attempt to make such award temporary or to retain jurisdiction of the children so as to change the award at a later date. *Burton* v. *Furcron,* supra; *Broome* v.

*Broome*, 212 *Ga.* 132 (91 S. E. 2d 18). Such language will be construed to be mere surplusage. It is contended in this case, however, that, since the judge stated that he was not passing upon the custody of the children, the cases above cited are not applicable. There is no merit in this contention because, while the judge stated in the decree that he was not passing upon the custody of the children, the law makes it his duty to do so, and he did in fact go ahead and award custody of the children to the grandparents. He did attempt to reserve jurisdiction to make a final order as to permanent custody, which we have repeatedly held can not be done. In the instant case, under the cases above cited, the award of custody to the grandparents was permanent and final under the then-existing circumstances, and a change in condition affecting the welfare of the children must be shown to authorize a new award.

2. The petition attempts to allege a change in condition affecting the welfare of the children so as to authorize a new award of custody. However, the allegations fail entirely to allege any such change. They fail completely to allege that any substantial condition now exists that did not exist at the time of the award. This is insufficient to authorize a new award of custody.

3. From what has been said above, the judgment sustaining the general demurrer to the petition was not error.

*Judgment affirmed. All the Justices concur.*

Argued September 12, 1957—Decided October 11, 1957.

*William Hall*, for plaintiff in error.

*Howard, Hyatt & Malcolm, J. V. Malcolm, Jr.*, contra.