## 20257. BARNES *v.* BARNES.

HAWKINS, Justice. Liela Mae Smith Barnes filed a petition in Floyd Superior Court, on August 6, 1958, alleging: That she was divorced from Dallas Ray Barnes, in the same court, on August 2, 1957; that the court awarded custody of the minor children of the parties, Patricia and Debra Ann, to the father in accordance with a contract and agreement entered into by the parties, copy of which was attached to the petition as an exhibit; that, at the time the plaintiff signed said agreement, the defendant told her that, unless she did sign it, he would leave and not support the children, and since she was highly nervous at the time, and apprehensive over the welfare of her children, she acted for what she thought would be their best interest; that said children now reside in the home of their paternal grandparents, are very unhappy in said home, and desire to live with their mother; that, at the time of the agreement and order of the court, the plaintiff was not employed and feared that she and her children would become destitute, but that the plaintiff is now employed and has made arrangements for adequate abode, maintenance, and care of said children; that the best interest and welfare of said children are not now being served; and that it is to the best interest, welfare, and desires of said children that their custody be awarded to the plaintiff. There were prayers for process, rule nisi, and that custody of the children be awarded to the plaintiff.

A general demurrer was filed to the petition, on the grounds (1) that it failed to set forth a cause of action; and (2) that the petition does not allege that there has been a change of circumstances since said final judgment and decree which would materially affect the interest and welfare of said children. To

the judgment of the trial court overruling this demurrer the defendant excepts. *Held:*

The petition alleges that the plaintiff mother was highly nervous at the time the defendant father was awarded custody of the children, but there is no allegation that her health has improved (*Perry* v. *Perry,* 213 *Ga.* 847, 851, 102 S. E. 2d 534); and while the petition alleges that the children now reside in the home of their paternal grandparents, it is not alleged that the father does not live there too, or that the father has surrendered custody of the children to the grandparents; and neither the petition nor the exhibit shows that, at the time the award of custody to the father was made, it was not known to the trial judge that the father would maintain a home for his children with their paternal grandparents. The petition alleges that the children are very unhappy, and desire to live with their mother, but fails to allege that the desires of the children have changed since the original decree was rendered (*Peeples* v. *Newman,* 209 *Ga.* 53, 57, 70 S. E. 2d 749); and no facts are alleged to show that these allegations are anything more than opinions or mere conclusions of the pleader. *Fowler* v. *Southern Airlines,* 192 *Ga.* 845, 850 (16 S. E. 2d 897). While the petition alleges that, at the time the father was awarded custody of the children, the mother was not employed, but that she is now employed, the act of the General Assembly approved March 13, 1957 (Ga. L. 1957, p. 412), merely authorizes the trial judge to consider an improvement in the health of the mother since the original award of the custody, insofar as such might affect the best interest and welfare of the children; and Code (Ann.) §§ 30-127 and 74-107 do not authorize a change of custody on a change in employment status. *Broome* v. *Broome,* 212 *Ga.* 132, 134 (91 S. E. 2d 18). A mere reading of the petition discloses that there are no allegations of any change in conditions occurring since the original award that would affect the welfare of the children so as to authorize a change in their custody. Therefore, the petition failed to state a cause of action, and the trial judge erred in overruling the general demurrer. *Broome* v. *Broome,* supra; *Chumley* v. *Irwin,* 213 *Ga.* 537 (2) (100 S. E. 2d 199); *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294); *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237).

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 10, 1958—DECIDED NOVEMBER 19, 1958.

*Bobby Lee Cook, Robert L. Scoggin, A. Cecil Palmour,* for plaintiff in error.