## 20576. HENDRICKS *v.* HENDRICKS.

HAWKINS, Justice. On October 22, 1958, Mrs. Barbara Jean Hendricks filed a petition for divorce against Benjamin Tillman Hendricks, in DeKalb Superior Court. On November 24, 1958, the parties entered into an agreement, which was approved by the court, providing for the mother to have temporary custody and control of three minor children, the father to pay to the mother for her support and the support of said children $156.90 per month, plus $100 attorney fees, and for the personal property in possession of the mother to remain in her possession for her use and for use of the minor children, until further order of the court. The defendant filed an answer to the divorce proceeding on January 5, 1959. On April 15, 1959, the father filed a petition for change of temporary custody of the three minor children, which he amended on May 5, 1959. The amendment sought to have the mother "undergo a complete physical and emotional examination" by a named doctor, under whose care she had been some four

or five years previously. On May 21, 1959, the petition as amended for change of temporary custody was heard. The only evidence introduced was the deposition of the mother, which was taken on April 27, 1959, in which she testified: that she was not working; that she quit her job on the Friday before, because she was unable to work; that she was under the care of doctors at Fort McPherson; that she was suffering from a diabetic condition, and a recurrence of hepatitis, which she had the year before; that she is receiving treatment for both conditions from time to time; that she is taking daily injections of insulin and vitamins; and that, while she did not have a current written medical report of her condition, she could get one. She further testified in this deposition that she had been working from 3:45 p.m. until 12:15 a.m., during which time she made arrangements to leave the children with neighbors who were to care for them, and whom she paid; that one of the neighbors advised her that, unless she secured a daytime job, the neighbor could not take care of the children any longer, since it was inconvenient for her to keep the children at night, but that she would be glad to to take care of the children during the day; that, when she resigned her job, she gave as the reason that there was "No one to care for the children and health reasons; that work is hard and I am not able to do it." She was asked if she could explain "how it is that you are too sick to work and yet you want to keep the children at this time?" to which she replied: "Very easily, there are few people who can do two jobs and do them well, and that is to work and care for the children too, and it worked on me very much too, and I think the best thing I can do is to stay with the children with adequate income from their father." On the same day, May 21, 1959, the trial judge entered a judgment that "the prayers of movant for change of custody and to require medical examination of the plaintiff, are denied." The exception is to this judgment. *Held:*

1. In *Macon & Birmingham Ry. Co.* v. *Ross*, 133 *Ga.* 83 (1) (65 S. E. 146), this court held: "The power of the trial court to require a plaintiff, suing for a physical injury alleged to be permanent, to submit to an examination by a competent physician, at the instance and expense of the defendant, in order to ascertain the nature, extent, and probable duration of the injury, is one to be exercised or not according to the

sound discretion of the presiding judge, under the facts of the case; and a refusal to require such a submission will not be reversed, unless his discretion has been abused." This ruling is based on the principle of law that "every court has power to control, in furtherance of justice, the conduct of all persons connected with a judicial proceeding before it in every matter appertaining thereto." *Richmond &c. R. Co.* v. *Childress,* 82 *Ga.* 719 (9 S. E. 602, 3 L.R.A. 808, 14 Am. St. Rep. 189). See Code § 24-104 (4). The trial judge did not abuse his discretion in refusing to require the mother to submit to a medical examination.

2. "While proof of changed conditions and that the child's welfare will be protected by changing custody will authorize a judgment to that effect (*Willingham* v. *Willingham,* 192 *Ga.* 405, 15 S. E. 2d 514; *Brooks* v. *Thomas,* 193 *Ga.* 696, 19 S. E. 2d 497; *Fortson* v. *Fortson,* 195 *Ga.* 750, 25 S. E. 2d 518; *Elders* v. *Elders,* 206 *Ga.* 297, 57 S. E. 2d 83), yet, where the evidence does not demand a finding to that effect, the matter is left to the discretion of the trial judge." *Blackstock* v. *Blackstock,* 208 *Ga.* 837 (1) (69 S. E. 2d 770.) The evidence here shows no materially different conditions from those which existed when the temporary custody agreement was entered into and approved by the court on November 24, 1958, and certainly fails to show any change existing at the time of the hearing that adversely affects the welfare of the children. It follows that the judgment refusing to change the custody must be affirmed.

*Judgment affirmed. All the Justices concur.*

Argued September 16, 1959—Decided October 13, 1959.

*Thomas M. Stubbs, Jr.,* for plaintiff in error.
*George C. Mitchell,* contra.

