21042. GUINN v. TRAMMELL *et al.*

CANDLER, Justice. This case involves a controversy between the father and the maternal grandparents of a small boy,

whose parents are divorced and where the child involved has resided with and been cared for by such grandparents since his early infancy. In a prior habeas corpus proceeding between the same parties, which involved custody of this child, the trial judge on September 3, 1959, awarded custody of him to his maternal grandparents during the nine school months of each year and to the father for the remaining three months of the year. There was no exception by either party to such judgment. This habeas corpus proceeding, involving the same child, was instituted on June 8, 1960, and the plaintiff father testified that he had since September 3, 1959, obtained a regular job at a good wage and had a good home for himself and son, the home being that of his uncle and aunt in the State of Illinois, and that his aunt would assist him in rearing his child. The trial judge made an award exactly like the one he had made on September 3, 1959, and the plaintiff excepted. *Held:*

The record in this case is completely silent as to any change in conditions or circumstances relating to such grandparents or their home which would materially and adversely affect the interest and welfare of the child involved. In these circumstances, this court will not hold that the trial judge erred in rendering the judgment complained of. See *Perry v. Perry,* 212 Ga. 668(2) (95 S. E. 2d 2) ; *Barnes v. Barnes,* 214 Ga. 595 (106 S. E. 2d 279), and the cases there cited.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1960—DECIDED OCTOBER 11, 1960.

*Robert Edward Surles,* for plaintiff in error.
*Cook & Palmour, A. Cecil Palmour,* contra.