21182.   STRICKLAND v. LONG.

ARGUED MARCH 13, 1961—DECIDED APRIL 6, 1961.

720

*John J. Sullivan,* for plaintiff in error.

*John C. Wylly, Lewis, Wylly & Javetz,* contra.

QUILLIAN, Justice. Where a divorce decree dissolves the marriage of minor children's parents and awards their custody to the father, the same is final, and the mother can obtain a modification of its provisions as respects custody only by showing a subsequent change of conditions substantially affecting their welfare. *Elders v. Elders,* 206 Ga. 297 (57 S. E. 2d 83); *Herring v. Herring,* 208 Ga. 146 (65 S. E. 2d 584).

The evidence was in sharp conflict as to the behavior of Mr. and Mrs. Long at Daytona Beach prior to their marriage. The plaintiff's evidence, if believed, would have supported the conclusion that on the occasion in question, the couple were guilty of conduct so indecent and shameful as to cast a grave shadow upon their fitness to rear the children. On the other hand, the proof submitted by Mr. Long, if accepted as true, refuted all implication of indecent or improper conduct on the part of the couple while in Daytona Beach, furnished a complete denial of the accusations made against them, and satisfactorily explained their behavior, showing it to be moral, lawful, and entirely innocent.

It was the province of the trial judge to weigh the evidence and give credence to the version that appeared to him most plausible. *Hicks v. Buffington,* 209 Ga. 719 (75 S. E. 2d 560). The evidence adduced upon the trial being in conflict as to whether, subsequently to the decree, there had been a material change of conditions substantially affecting the welfare of the children, the trial judge cannot be held to have erred in remanding their custody to the defendant.

*Judgment affirmed. All the Justices concur.*