21534, 21535.   HEALAN v. WRIGHT; and *vice versa.*

Argued February 12, 1962—Decided March 12, 1962.

Stow & Andrews, Frank B. Stow, Robert E. Andrews, for plaintiff in error.

Harben & Harben, Sam S. Harben, Jr., contra.

QUILLIAN, Justice. ■ The decree of Hall Superior Court previously entered awarding the custody of the children to their maternal grandmother was, as of the time it was entered, binding upon the mother, no exceptions having been taken to the same. *Lockhart v. Lockhart,* 173 Ga. 846, 855 (162 SE 129); *Chumley v. Irwin,* 213 Ga. 537 (100 SE2d 199); *Grayson v. Grayson,* 217 Ga. 133, 135 (121 SE2d 34).

■ On the trial of the habeas corpus case brought by the mother of the children subsequently to the decree, the only issue was whether, since the decree was entered, there had been such material change of conditions affecting the welfare and happiness of the children as warranted a judgment that they be taken from the grandmother and placed in the custody of the mother. The mother based her contention that such change of condition had occurred on account of deterioration in the grandmother's character and conduct, the mistreatment of the children by the grandmother, and the fact that the grandmother's home was not a healthy and wholesome place in which the children might be reared.

The evidence adduced upon the trial was in sharp conflict, but apparently preponderated in the grandmother's favor. The evidence as to the worthiness of the mother was in conflict and there arose a strong inference from the evidence adduced upon the trial that she had mistreated the children, that her moral character was doubtful, and that the home in which she proposed to rear the children was that of her present husband who had for months failed to support his own small children by a previous marriage.

This court has uniformly recognized the rule "that the judge exercises a sound legal discretion, looking to the best interest of the child or children, and that this court does not interfere with his judgment unless that discretion appears to have been

abused." *Willingham v. Willingham,* 192 Ga. 405, 406 (15 SE2d 514). There was no abuse in discretion on the part of the trial judge in awarding the children to the custody of the grandmother.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*