21887.   FLOYD v. FLOYD.

Argued January 16, 1963—Decided February 7, 1963.

*James A. Mackay*, for plaintiff in error.

*M. M. Armistead*, contra.

QUILLIAN, Justice. 1. *Code Ann.* § 30-127 (Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 714) reads: "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of sound discretion, may look into all the

circumstances of the parties, including the improvement of the health of the party seeking a change in custody provisions, and, after hearing both parties, make a different disposition of the children . . . The Court may exercise a similar discretion pending the application for divorce."

Counsel for the mother argues, in effect, that once an improvement in her health was shown, prima facie she was entitled to custody. Clearly no such interpretation was intended, for a plain reading of the act reveals that this was only an additional factor which the court might consider or "look into" in determining custody. As is pointedly brought out in *Code Ann.* § 74-107 (Ga. L. 1957, pp. 412, 413; Ga. L. 1962, pp. 713, 715) in a custody contest between the parents "the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." This then is the cardinal rule. The phrase "including the improvement of the health of the party seeking a change in custody provisions," which was not previously employed by our courts to guide them in custody matters, was added by the General Assembly in 1957 (Ga. L. 1957, pp. 412, 413) so that improvement of health is now one of the many factors, germane but not of itself controlling, to be taken into consideration by the trial judge in ascertaining to whom the award of custody should be made.

The decisions of this court support this view. As was stated in *Barnes v. Barnes*, 214 Ga. 595, 596 (106 SE2d 279), the 1957 act "merely authorizes the trial judge to consider an improvement in the health of the mother since the original award of the custody, insofar as such might affect the best interest and welfare of the children." See *Perry v. Perry*, 213 Ga. 847, 851 (102 SE2d 534).

Moreover, it was clearly shown that the mother had merely abstained from drinking for an additional twelve months since the first hearing. This was only a continuation of her forbearance which had begun twelve months prior to the first hearing. Although the medical expert upon whom counsel for the mother relies testified that twenty-four months abstention

"would be even more significant" than twelve months, yet she further stated that there was no "cure" in the true sense of the word; that they considered alcoholic patients recovered when "they are able to live comfortably and be happy about not drinking"; that they measure recovery in "essentially 3 year periods" and at the end of that time "they are normal people." Therefore, the trial judge may well have determined that while there had been some improvement, it was not to the best interest and welfare of the children that the mother have custody.

2. Counsel for the plaintiff in error takes the position that the fact the children were moved from their home to that of their grandfather, age 71, and grandmother, age 69, constituted a change of condition. There is nothing in the record to indicate that these considerations were not before the court on the first hearing. Hence, we find no merit to that argument.

It is further urged that the evidence disclosed that the children had not received proper care. Only the mother testified as to unwholesome conditions and improper care, while this was denied by the father and grandparents as well as by several neighbors who stated the grandparents' home was a fit and proper place in which to rear children. "It was the province of the trial judge to weigh the evidence and give credence to the version that appeared to him most plausible." *Strickland v. Long*, 216 Ga. 717, 720 (119 SE2d 561). "While proof of changed conditions and that the child's welfare will be protected by changing custody will authorize a judgment to that effect . . . yet, where the evidence does not demand a finding to that effect, the matter is left to the discretion of the trial judge." *Blackstock v. Blackstock*, 208 Ga. 837 (1) (69 SE2d 770); *Hendricks v. Hendricks*, 215 Ga. 408, 410 (110 SE2d 659).

*Judgment affirmed. All the Justices concur.*