### 22118. GRAHAM et al. v. GRAHAM.

QUILLIAN, Justice. 1. The authority of the presiding judge, fre-

quently referred to as plenary, *Kniepkamp v. Richards,* 192 Ga. 509 (2b) (16 SE2d 24), *Moody v. Moody,* 193 Ga. 699 (3), 702 (19 SE2d 504), *Ponder v. Ponder,* 198 Ga. 781 (2) (32 SE2d 801), to control the custody of minor children (under age 14) pending a divorce suit between their parents is very broad, so that in the exercise of sound discretion the judge may from time to time, until the final decree is entered, modify his orders in this respect and transfer the possession of the children from the persons to whom custody was originally granted and commit them into the care of other and different parties. *Code Ann.* § 30-127 (Ga. L. 1957, pp. 412, 413; 1962, pp. 713, 714); *Code* § 30-206. Such orders are necessarily interlocutory, *Cason v. Cason,* 158 Ga. 395 (4) (123 SE 713); *Kniepkamp v. Richards,* 192 Ga. 509, 522 (10), supra, because in the event there is no valid divorce granted upon the trial of the case the orders previously entered concerning the custody of the children pending the divorce suit, without any action on the judge's part except the denial of the divorce, are rendered inoperative and are automatically rescinded. *Keppel v. Keppel,* 92 Ga. 506 (17 SE 976); *Black v. Black,* 165 Ga. 243 (4) (140 SE 364).

The orders entered by the presiding judge pending the divorce suit being of a temporary nature are obviously not final judgments to the grant or denial of which a writ of error lies. *Code Ann.* § 6-701 (Ga. L. 1946, pp. 726, 730; 1953, Nov. Sess., pp. 440, 455; 1957, pp. 224, 230); *Thompson v. Thompson,* 124 Ga. 874 (53 SE 507); *Hall v. Hall,* 185 Ga. 502, 504 (1) (195 SE 731); *Kniepkamp v. Richards,* 192 Ga. 509, 518, supra.

2. In *Hendricks v. Hendricks,* 215 Ga. 408 (110 SE2d 659), this court reviewed an order of the nature discussed in the preceding syllabus, but no question appears to have been raised in the case as to whether the order there entered was interlocutory and not subject to review by this court, and the principles relating to that matter are not referred to in the opinion. The *Hendricks* case is a mere physical precedent that such interlocutory orders may be excepted to, and hence is not a binding authority on the subject. In the conclusion pronounced in the preceding headnote we follow the older cases and the statute.

3. Where, as in the case sub judice, the presiding judge pending a divorce suit places the minor children of the litigants in the possession of third parties prior to the final decree as author-

ized by *Code Ann.* § 30-127, supra, and *Code* § 30-206, such third parties do not become parties to the divorce case, but are mere temporary custodians of the children, agents of the court, appointed for the convenience of the judge to aid him in seeing that the children are adequately cared for until his further order. The revocation of such an order by one subsequently entered, while the divorce case is still pending, can not be made the subject of an appeal by the parties to whom the children were temporarily entrusted.

*Writ of error dismissed. All the Justices concur.*

ARGUED JULY 9, 1963—DECIDED JULY 12, 1963.

*Jones & Douglas,* for plaintiffs in error.
*B. B. Hayes,* contra.