22190. DeLOACH v. WEATHERS et al.

SUBMITTED SEPTEMBER 10, 1963—DECIDED OCTOBER 10, 1963.

*R. L. Carr, Sam Johnson,* for plaintiff in error.

*Richard Phillips, B. Daniel Dubberly, Jr.,* contra.

HEAD, Presiding Justice. To show a change of conditions materially affecting the welfare of the children the father relies upon testimony by three witnesses that on two separate occasions when the witnesses saw the maternal grandfather they thought that he had been drinking, or that he had taken some amount of intoxicating beverages. A number of witnesses for the defendants testified that they had never known of the grandfather using alcoholic beverages. One of these witnesses, the county superintendent of schools, testified that the grandfather has a good reputation, that the witness had never "heard of him drinking," and that he "is an outstanding citizen." The grandfather testified that, "I occasionally take a drink, but not where the children can see me. The children have never seen me take a drink. I never take a drink in the daytime, . . . I have never been drunk, intoxicated or under the influence."

The judgment of the court awarding the legal custody of the two children to the maternal grandparents can not be construed to mean or to imply that the trial judge entertains the view expressed by the poet Robert Burns that,

> "John Barleycorn was a hero bold,
> Of noble enterprise,"

or that the court approves the use of alcoholic beverages in any form. There is no testimony in the present case to show that the facts now relied upon by the father are in any manner different

from those in the former case, or that the facts relied upon were not fully known by the court at the time custody was awarded to the grandparents on March 16, 1963, which award was made less than six weeks prior to the judgment now excepted to.

Where custody of children is sought based upon an alleged change in conditions materially affecting the welfare of the children, and no such change in condition is proved, it is not error for the court to adhere to the former award. *Drake v. Drake,* 187 Ga. 423, 429 (1 SE2d 573); *Guinn v. Trammell,* 216 Ga. 388 (116 SE2d 551); *Healan v. Wright,* 217 Ga. 720 (124 SE2d 640).

*Judgment affirmed. All the Justices concur.*