23156. DANNER (formerly ROBERTSON) v. ROBERTSON.

PER CURIAM. Barbara Sue Robertson brought an action against her husband, Arthur Lee Robertson, seeking a divorce, alimony, attorney's fees, and custody of the three minor children of the parties. Defendant filed his answer and cross action praying that a divorce be granted in his favor and that he be awarded custody of the children. The court en-

tered its final decree on April 23, 1963, granting a divorce to the parties and awarding custody of the children to defendant. Contempt proceedings were brought by defendant against the plaintiff mother, when she refused to release the children to him, whereupon plaintiff filed an answer and a cross action seeking to prosecute defendant for contempt for his failure to pay her attorney's fees. Then, in an apparent attempt to settle matters, the parties and their counsel made an agreement which recited that the original order awarding custody to defendant "be amended" to give the plaintiff custody of the children for six months of each year and defendant custody for the other six months of each year. This agreement was signed by the trial judge and made the order of the court on August 23, 1963, which was after the term in which the original final judgment and decree was granted.

Pursuant to this order defendant again filed a contempt citation against plaintiff for her refusal to turn over the children to him in accordance with said order and agreement. Plaintiff filed a general demurrer to the contempt petition. The trial court overruled the demurrer and held her in contempt for violating the order of August 23, 1963, and ordered her to surrender the children to defendant.

Plaintiff excepts to this judgment. She contends that the attempt to change the original custody award by the agreement between the parties is ineffectual, even though signed by the trial judge and made the order of the court, because no change in circumstances authorizing such modification was shown, and therefore said order was unauthorized and was insufficient to support a citation for contempt. *Held:*

1. The contention of the plaintiff is well made. It is the settled rule in this State with respect to decrees awarding custody of minor children that the doctrine of res judicata applies and that "when an award has been made the judge may thereafter exercise a discretion as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting the interest and welfare of the children." *Willingham v. Willingham,* 192 Ga. 405 (15 SE2d 514) ; *Bowers v. Bowers,* 205 Ga. 761 (55 SE2d 152) ; *Fortson v. Fortson,* 197 Ga. 699 (30 SE2d 165) ; *Jordan v. Jordan,* 195 Ga. 771 (25 SE2d 500). To authorize a change of custody in accordance with the rule, the judge must find "(a) that there has been a change in conditions affecting

the children, and (b) that the welfare of the minors requires a modification of the original judgment." *Elders v. Elders,* 206 Ga. 297, 299 (57 SE2d 83). And finally, "[A]lthough the judge is given wide discretion in such cases, nevertheless, he is restricted to the evidence, and hence he is unauthorized to change custody where there is no evidence to show new and material conditions that thus affect the welfare of the children." *Elders v. Elders,* 206 Ga. 297, 299, supra. Here, the trial judge was without authority to order a change of custody of the minor children since there was no evidence presented on the question as to whether there was a change in circumstances affecting the interest and welfare of the children, but merely an agreement between the parties and their counsel which, although signed by the judge, was totally ineffective to modify the original decree and award of custody.

2. The order being void for lack of jurisdiction of the subject matter, the failure to obey it does not constitute contempt. *Allen v. Baker,* 188 Ga. 696 (4 SE2d 642); *Campbell v. Gormley,* 185 Ga. 65, 66 (194 SE 177); *John Hancock Mut. Life Ins. Co. v. Baskin,* 179 Ga. 86 (3) (175 SE 251). Thus, the trial court erred in overruling the general demurrer to defendant's petition for contempt and in adjudging plaintiff in contempt and ordering her to surrender the children to defendant.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED OCTOBER 11, 1965—DECIDED NOVEMBER 4, 1965.

*Doyle C. Brown,* for appellant.
*David N. Vaughan, Jr., C. C. Pittman,* for appellee.

