23235, 23236.   McJUNKIN v. McJUNKIN; and vice versa.

CANDLER, Presiding Justice.   Mrs. Nancy Jackson McJunkin sued Robert Edward McJunkin for divorce and for custody of their minor child in the Superior Court of Richmond County. The divorce was granted and custody of the child was awarded to her on August 27, 1959, with visitation rights in the father. There was no exception to that judgment. On July 16, 1965, McJunkin, the father, filed a petition in the same court against his former wife for a new custody judgment alleging as his ground therefor that the child was only five years old when the former custody judgment was granted; and that she is now eleven; and that it would be to the child's best interest to spend more time with him and get better acquainted with him and her paternal relatives and they with her. The mother made a motion in the nature of, a general demurrer to dismiss the petition on the ground that it alleges no facts which would authorize the granting of a new custody judgment. Her motion was overruled on June 20, 1965. On the trial, and after both parties had introduced their evidence, a judgment was granted which allowed the father to have custody of the child every Saturday from 11 a.m. to 1 p.m. and at reasonable times and hours in the evening, not to exceed once a month; provided, such visits did not interfere with the religious, musical and educational training of such child. This judgment was granted on July 27, 1965, and on August 26, 1965, McJunkin, the father, filed a motion to vacate and set it aside on the ground that it was contrary to law and the evidence, since

it materially lessened the visitation rights granted him by the original custody judgment of August 27, 1959. This motion was denied on September 7, 1965, and McJunkin appealed the judgment fixing his visitation rights, and Mrs. McJunkin cross appealed the judgment which overruled her motion to dismiss her former husband's petition for a new custody judgment. *Held:*

1. Since the cross appeal brings to this court for review the correctness of the order overruling Mrs. McJunkin's motion to dismiss the plaintiff's petition for a new custody judgment, we will consider and dispose of it first. The record shows that the parties to this litigation were divorced in 1959 and that custody of their minor child, the child here involved, was awarded to the mother with visitation rights in the father. Here the petition simply alleges that the age of the child involved had increased from 5 to 11 years and that it would be to the best interest of the child to change the original award of custody for that reason. This does not constitute such a change in conditions or circumstances as would authorize a new custody judgment. See *Code Ann.* § 74-107; *Perry v. Perry,* 212 Ga. 668 (2) (95 SE2d 2); *Barnes v. Barnes,* 214 Ga. 595 (106 SE2d 279); and *Guinn v. Trammell,* 216 Ga. 388 (116 SE2d 551).

2. Since the petition should have been dismissed on demurrer thereto, all subsequent action taken in the case is nugatory and for that reason it would be useless to consider the questions presented by the plaintiff's appeal.

*Judgment reversed on the cross appeal. Main appeal dismissed. All the Justices concur.*

Argued December 13, 1965—Decided January 6, 1966.

*Albert G. Ingram, McDonald C. Haynie,* for appellant.
*Jay M. Sawilowsky,* for appellee.