### 23544. HENLEY v. HENLEY.

ARGUED JUNE 15, 1966—DECIDED JULY 7, 1966.

*T. M. Allen, Jr.,* for appellant.

*N. Forrest Montet,* for appellee.

ALMAND, Justice. In the case of Charles C. Henley v. Lillian W. Henley in DeKalb Superior Court (No. 36668) a final decree of divorce was granted on January 13, 1965. In this decree, the custody of the four minor children of the parties was awarded to the defendant mother. Specific monthly sums of money were ordered paid by the father for the support of the children, and

he was ordered to deed the home on a named street to the defendant.

On April 26, 1965, the father, Charles C. Henley, filed an action against the mother, Lillian Henley, in DeKalb Superior Court (No. 37729) wherein he prayed that (a) he be awarded the custody of the children and (b) the divorce decree of January 13, 1965 (No. 36668) be "revised as to the custody, maintenance and support of the minor children, and as to a different disposition of the homeplace."

In case No. 37729, the mother was served personally, and the court approved and ordered filed an agreement of the parties and modified the divorce decree in case No. 36668 in accordance with the agreement. In the agreement it was recited that the mother was neither physically able nor financially solvent enough to support and care for the children and that the father should have their custody. The mother further agreed to waive all rights to alimony and to convey the homeplace back to the father.

On January 20, 1966, Lillian Henley filed her motion to vacate and set aside the order of April 30, 1965, on the ground that the court was without power or jurisdiction to modify the terms of the final decree in case No. 36668. The court overruled the general demurrer of Charles Henley and entered an order vacating its order of April 30, 1965. Charles Henley entered his appeal and enumerates as error the order overruling his demurrer and vacating the consent order of April 30, 1965.

We are of the opinion that these orders were erroneous. The order modifying the provisions of the divorce decree as to custody of the children and alimony was not rendered in the divorce case but in the separate and independent suit seeking a change in the custody of the children and alimony for their support by reason of changed conditions or circumstances materially affecting the welfare of the children. The court has jurisdiction to entertain this action. *Perry v. Perry*, 212 Ga. 668 (2) (95 SE2d 2).

The appellee asserts that under the ruling of this Court in *Danner v. Robertson*, 221 Ga. 516 (1) (145 SE2d 554) (one Justice not participating), the trial judge was without authority

to order a change of custody. It was there held that a mere agreement between the parents changing the custody of the children, although approved by the trial judge, was totally ineffective to modify the original decree and award where the judge heard no evidence as to whether there had been a change of conditions and circumstances since the award which materially affected the welfare of the children. The facts in the instant case are different from those in *Danner v. Robertson*, supra. Here, the petition of the father, seeking a change of custody, sets out facts and circumstances, which if proven, would authorize a change of custody. Though the mother was personally served with the petition, she did not file an answer. The unequivocal allegations in the several paragraphs of the petition were not denied and such averments are taken as prima facie true. *Code Ann.* § 81-103; *Hight v. Barrett & Bradley*, 94 Ga. 792 (21 SE 1008). The agreement of April 30, 1965, which was approved by the court and signed by the mother, was in effect an affirmation of the grounds upon which the father sought a change of custody. That consent agreement was not void for the reasons asserted, and the trial judge erred in overruling the father's general demurrer to the motion to vacate the consent judgment. The subsequent order sustaining the motion was also erroneous.

*Judgment reversed. All the Justices concur.*