## 24541. MARTIN v. HENDON et al.

UNDERCOFLER, Justice. Eddie Hendon and · Wanda Louise Hendon filed suit against Samuel Ledell Martin and Linda Deloris Martin seeking custody of Karen Darlene Martin, the two-year old daughter of the defendants. The record shows that the parents were divorced on October 5, 1967, by decree of Fulton County Superior Court which decree also awarded temporary custody of said Karen Darlene Martin to her father Samuel Ledell Martin and temporary custody of six-year old Sandra Lynn Martin to her mother Linda Deloris Martin. The order provided: ". . . that the court retain jurisdiction as to the permanent custody of said children . . . that the juvenile court of this county make a thorough investigation into the custody matter and return their report to this court for final determination of the permanent custody." The record further shows that in December 1967, during a subsequent term of court, an order was entered in said divorce action modifying the award of temporary custody of Karen Darlene Martin and giving such temporary custody to Mr. and Mrs. Edward Hendon. The order directed the Sheriff of Fulton County to search the homes of the parents and return the child to the Hendons. This was done. The petitioners allege that·they have had custody of said child the greater portion of her life, that on December 28, 1967, the father took said child from their home and placed her in her mother's home after which they obtained the above temporary custody order, that the defendants are not fit and proper parents to have such custody, that the child has no suitable home except with them, and that they are fit and proper persons to have permanent custody of said child.

The defendant mother answered the petition and filed a cross claim seeking custody of the child on the basis of a change in condition occurring since its award to the father in the divorce action; that the order entered after the final decree awarding temporary custody to the plaintiffs herein be declared void; that the father had relinquished his custody of said child to her by placing the child in her home prior to the amended order of the court in December 1967, and that this relinquishment constitutes a change of conditions entitling her to legal custody of the child; that the divorce

decree giving her the custody of one of the children adjudicated her fitness to have the other child; that she has a suitable home for the child, is employed and is a fit and proper person to have her custody; and that the father has remarried and no longer desires custody of the child.

On January 4, 1968, the trial court dismissed the petition, answer and cross claim and the mother appeals from that judgment. *Held:*

1. "Where children are involved in the granting of a divorce decree, it is the duty of the trial judge to award their custody. Where by decree an award is made asserting it to be 'for the present,' with a further provision that 'this court retains jurisdiction for the purpose of determining permanent custody of the children,' such will not divest the award of its finality, nor retain exclusive jurisdiction over their custody. . ." *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Anthony v. Anthony,* 212 Ga. 356 (92 SE2d 857); *Pirkle v. Pirkle,* 212 Ga. 752 (1) (95 SE2d 663); *Camp v. Camp,* 213 Ga. 65 (3) (97 SE2d 125); *Chumley v. Irwin,* 213 Ga. 537 (1) (100 SE2d 199); and *Heffernan v. Heffernan,* 216 Ga. 588 (118 SE2d 483). It follows that the divorce decree finally vested custody of the minor child involved in this case in her father Samuel Ledell Martin under the circumstances then existing.

2. "After the adjournment of the term during which it was rendered, there is no procedure provided under the law of this State by which to amend or modify a judgment fixing the custody of a minor child. The remedy is by a new petition based upon sufficient legal grounds and instituting a new case for a redetermination of the rights of custody; not by petition to modify or amend the original decree. *Perry v. Perry* [212 Ga. 668 (1) (95 SE2d 2)]." *Pirkle v. Pirkle,* 212 Ga. 752, supra. The attempt by the trial judge in December 1967 to modify the final order rendered in the divorce decree between the parents of this child and to attempt to amend that order by placing "temporary" custody in Mr. and Mrs. Hendon was a nullity. *Fuller v. Fuller,* 197 Ga. 719 (30 SE2d 600); *Danziger v. Shoob,* 203 Ga. 623 (48 SE2d 92); and *Heffernan v. Heffernan,* 216 Ga. 588, supra.

3. The appellant, defendant in the lower court, enumerates as error the dismissal of the plaintiffs' petition. Since such

ruling did not adversely affect the appellant, she cannot complain of this ruling. The dismissal of the plaintiffs' petition is therefore affirmed.

4. The cross claim of the mother in this ·case, however, shows that the father, who was awarded custody of this child in the divorce decree, had voluntarily relinquished it to her and that this was a sufficient change in circumstances to authorize the trial court to award the child to her. She further alleges that she is a fit and proper person to have such child. The father was a party to this proceeding and personally appeared in the trial court. The divorced father's surrender of the child to its mother was such a change in condition as would authorize the court to consider the question of custody of the child. *Askew v. Askew*, 212 Ga. 46 (4) (90 SE2d 409).

It was error for the trial court to dismiss the cross claim of the mother without allowing the introduction of evidence in support of her allegation of a change of circumstances affecting the welfare of this child.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED MARCH 13, 1968—DECIDED APRIL 4, 1968.

*Leachman, King & Thurman, Marjorie King, D. Jane Marshall,* for appellant.