### 27354. WILT v. WILT.

JORDAN, Justice. This appeal involves a dispute between divorced parents over the legal custody of three male children under age 14. The mother was awarded legal custody of all six children of the marriage at the time of the divorce in 1969, but relinquished actual custody to the father about February, 1971. He commenced the present action to obtain legal custody, and the mother appeals an adverse order. *Held:*

In all cases between parents involving the custody of children there is no prima facie right in the father, but "the court hearing such issue of custody may in the exercise of its sound discretion, taking into consideration all the circumstances of the case, including the improvement of the health of the party seeking a change in custody provision, as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly." *Code* § 74-107, as amended. Also, see *Code* § 30-127, as amended. The surrender by a parent of custody of children is a change in condition which will authorize a court to consider again the question of custody. *Askew v. Askew,* 212 Ga. 46 (4) (90 SE2d 409); *Martin v. Hendon,* 224 Ga. 221 (4) (160 SE2d 893).

The transcript of the hearing discloses that the mother not only voluntarily relinquished custody of the children, but actively sought the cooperation of the father in taking custody of the children under circumstances where she

was, in her opinion, unable to care for them properly and that since that time the father has provided a suitable home for them with no effort on her part to alter the situation until he instituted the present action. While the order itself is silent as to the reasons for the award of custody of the three younger children to the father, the hearing judge made it clear at the conclusion of the hearing that he had determined from the evidence that "it is for the best interest of the boys to leave them where they are at this time." Under the evidence and the law his action was authorized, and absent any showing of a manifest abuse of discretion, this court will not interfere.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 13, 1972—DECIDED OCTOBER 26, 1972.

*George L. Howell,* for appellant.
*Morris, Smith, Ray & Parrott, Charley G. Morris, B. J. Smith,* for appellee.