## 27508. REDMOND v. WALTERS.

JORDAN, Justice. This is a custody dispute between the divorced parents of a minor child. The father was awarded custody in 1969 under the divorce decree. On May 20, 1971, he was again awarded custody of the child in a habeas corpus proceeding. See *Redmond v. Walters*, 228

Ga. 417 (186 SE2d 93). On July 18, 1971, he allowed the mother temporary custody of the child at her written request, to accompany her and her present spouse on a vacation trip. The request included a promise to return the child on July 24, 1971. The mother instead took the child home with her and refused to relinquish custody.

The father instituted habeas corpus in December, 1971, to again obtain custody of the child. On March 2, 1972, after hearing evidence, the trial judge determined "there had been no material change of circumstances affecting the welfare of such child since the judgment of this court on May 20, 1971" and again awarded custody to the father. The mother appeals this adverse order.

Following an award of child custody there must be a material change in condition affecting the welfare of the child to support a change in custody. The evidence is limited in this respect to matters transpiring subsequently to the previous award. Where the trial judge is by law the trior of fact this court will not interfere with his finding, if supported by evidence. Where he is also vested with the exercise of a sound discretion, it will not be controlled by this court, absent an abuse. The foregoing rules are set forth in *Mallette v. Mallette,* 220 Ga. 401 (139 SE2d 322) and citations therein. Additional cases are collected and discussed in *Smith v. Smith,* 225 Ga. 241 (167 SE2d 597).

The evidence here, consisting primarily of testimony of the litigants and conflicting in some particulars, clearly authorized the trial judge in the exercise of a sound discretion to again award the custody of the child to the father.

*Judgment affirmed. All the Justices concur.*
SUBMITTED OCTOBER 10, 1972—DECIDED NOVEMBER 9, 1972.

*Hutchinson & Pittman, Hilton S. Hutchinson, Jr., Thomas H. Pittman,* for appellant.

*Seymour S. Owens,* for appellee.