## 29031. WHITLEY v. WHITLEY.

UNDERCOFLER, Justice.

Donna Whitley and Jake Whitley were divorced on July 8, 1970. Custody of their child was awarded to the mother with reasonable visitation rights to the father. On March 21, 1973, the parties in a writing stipulated and agreed that a material change in conditions involving the

child had occurred and that the best interests of the child would be served by awarding permanent custody to his father with reasonable visitation rights to the mother. The parties further agreed that upon petition the Berrien Superior Court could grant an order changing custody of the child "with or without a hearing of any kind at any time on or after this date and both parties expressly waive all further notice and service relative to this proceeding." On August 16, 1973, the father filed a complaint in the Berrien Superior Court alleging that a material change in conditions and circumstances affecting the welfare of the child had occurred and that the defendant had voluntarily relinquished custody of the child to him. A copy of the stipulation and agreement was attached to the petition. On February 4, 1974, the trial court awarded the custody of the child to the father and incorporated the agreement of the parties into its order. The child remained in the custody of the father until the Christmas holidays in 1973 when the mother exercised her visitation privileges, removed the child to her new home in Florida and refused to return him. The father went to Florida and brought the child back to Georgia.

The mother filed a complaint in the nature of habeas corpus and contended that the father was illegally detaining the child since she had been awarded custody of him in the divorce proceedings in 1970. The court found that no change of circumstances affecting the welfare of the child had occurred since the divorce decree in 1970 and that the award of custody of the child to the father in February, 1974 was ineffective since the mother was not personally served with the proceedings, and that at the time of the hearing the child was in Florida with her. The appeal is from this judgment. *Held:*

1. The first question presented for decision in this case is whether the mother could waive service of the modification proceedings.

"A party may waive process, service of process, and the time of filing with respect to a suit against him . . . and such waiver, being a different matter from a confession of judgment, may be executed before the commencement of the action." *Henry & Co. v. Johnson,*

178 Ga. 541 (1) (173 SE 659). Code § 81-211 provides that the defendant may acknowledge service or waive process. In *Adair v. Adair,* 220 Ga. 852, 856 (142 SE2d 251) this court held that "the rule allowing waiver before filing is strictly limited to a specific suit in the minds of both parties at the time and that is filed in due course and without unreasonable delay."

The waiver of the mother was executed on March 21, 1973, and the complaint was filed on August 16, 1973. We hold that this was a valid waiver of further notice and service in this proceeding. The fact that the mother was in the State of Florida at the time of the hearing had no bearing on this issue since she had waived further notice and service.

2. The mother asserts that under the ruling of this court in *Danner v. Robertson,* 221 Ga. 516 (1) (145 SE2d 554), the trial judge was without authority to order a change of custody on February 4, 1974.

In dealing with a similar situation in *Henley v. Henley,* 222 Ga. 349, 350 (149 SE2d 783) this court said: "The appellee asserts that under the ruling of this court in *Danner v. Robertson,* 221 Ga. 516 (1) (145 SE2d 554) (one Justice not participating), the trial judge was without authority to order a change of custody. It was there held that a mere agreement between the parents changing the custody of the children, although approved by the trial judge, was totally ineffective to modify the original decree and award where the judge heard no evidence as to whether there had been a change of conditions and circumstances since the award which materially affected the welfare of the children. The facts in the instant case are different from those in *Danner v. Robertson,* supra. Here, the petition of the father, seeking a change of custody, sets out facts and circumstances, which if proven, would authorize a change of custody. Though the mother was personally served with the petition, she did not file an answer. The unequivocal allegations in the several paragraphs of the petition were not denied and such averments are taken as prima facie true. Code Ann. § 81-103; *Hight v. Barrett & Bradley,* 94 Ga. 792 (21 SE 1008). The agreement of April 30, 1965, which was approved by the court and signed by the

mother, was in effect an affirmation of the grounds upon which the father sought a change of custody."

The allegation in this complaint that the mother had relinquished the custody of the child to the father was sufficient to show a change of condition affecting the welfare of this child (*Askew v. Askew,* 212 Ga. 46 (4) (90 SE2d 409); *Martin v. Hendon,* 224 Ga. 221 (4) (160 SE2d 893)), and the agreement and stipulation of the parties was in effect an affirmation of the grounds upon which the father sought a change of custody. *Henley v. Henley,* 222 Ga. 349, supra.

The trial court's order of February 4, 1974 awarding the custody of the child to its father because of a change of condition was valid and the trial court erred in declaring it ineffective. This award of custody is final until a subsequent change of conditions is shown.

3. In this habeas corpus proceeding there was no evidence of a change of condition affecting the welfare of the child since February 4, 1974, and the trial court erred in awarding the custody of the child to the mother under the original divorce decree. Compare *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED OCTOBER 1, 1974.

*Reinhardt, Whitley & Sims, John Sims,* for appellant.

*Fred L. Belcher,* for appellee.