## 59118. THOMPSON v. THOMPSON.

SHULMAN, Judge.

Appellant and appellee were divorced in June of 1974, and custody of the parties' sole minor child was awarded to appellee-wife. In April of 1976, appellee allowed appellant to take possession of the minor child, who thereafter lived with appellant in his home until April of 1979, whereupon appellant returned the child to her mother under threat of legal action from appellee. Appellant subsequently filed this suit to obtain legal custody of his minor child, contending that appellee's surrender of the child constituted a material change of condition authorizing the court to reconsider its original determination of custody in accordance with the best interests of the child.

It is from the trial court's finding of no material change of circumstances and its refusal in accordance therewith to depart from the original award of custody to the appellee that plaintiff brings this appeal. We affirm.

1. " 'A judgment fixing the custody of a minor child is conclusive between the parties, and the principle of res judicata is applicable, unless a material change in circumstances substantially affecting the welfare of the child is made to appear.' " *Mallette v. Mallette,* 220 Ga. 401 (3) (139 SE2d 322). See also *Redmond v. Walters,* 229 Ga. 713, 714 (194 SE2d 254). The voluntary relinquishment of the child by the custodial parent may constitute such a "change in circumstances" so as to authorize the trial court to reopen the issue of child custody. See, e.g., *Martin v. Hendon,* 224 Ga. 221 (4) (160 SE2d 893). It is within the trial court's discretion, however, as trier of fact, to determine whether or not the custodial parent has, in fact, surrendered or voluntarily relinquished his or her court-awarded custody.

While appellant argued that appellee voluntarily· agreed to relinquish permanent custody of the child after realizing that she was unable to properly provide for the child's care, appellee, on the other hand, maintained that she only agreed to relinquish temporary custody of the child to appellant while appellee, her mother, and the child herself recuperated from debilitating illnesses.

" 'While proof of changed conditions [i.e., a material change of circumstance as in the surrender of custody] and that the child's welfare will be protected by changing custody will authorize a judgment to that effect. . .yet, where the evidence does not demand a finding to that effect, the matter is left to the discretion of the trial judge.' [Cits.]" *Floyd v. Floyd,* 218 Ga. 606, 609 (129 SE2d 786). See also *Redmond,* supra.

Thus, although the testimony as to the parties' agreements and intentions in regard to the permanent custody of their child (subsequent to the court-ordered custody of the minor child with appellee) was conflicting, the trial court was authorized to determine that appellee had not surrendered permanent custody of her child. See *Redmond,* supra; *Floyd,* supra.

2. Since the court determined that no material change of circumstance did in fact occur (which would authorize the court to modify the original award of custody if, in its sound discretion, a change of custody would be in the best interests of the child), the court did not err in refusing to reevaluate the best interests of the child in regard to the court's original award of custody. See *Redmond,* supra; *Cundy v. Hendriksen,* 237 Ga. 165 (227 SE2d 59).

3. Appellant maintains that the trial court erred in basing its adverse ruling, in part, on unobjected to hearsay evidence. Even if such testimony was admissible to show appellee's motive in allowing the child to remain with appellant, appellant contends that as such hearsay was without probative value, yet relied on by the court as probative evidence, the judgment of the trial court must be reversed.

We cannot agree with appellant's contentions that the court's findings of fact reflect its acceptance of the "truth" of the alleged hearsay. The court did not indicate in its findings that the content of the hearsay was truthful (that in appellant's physician's opinion it would be best for the child to remain with her father until her complete recovery from viral meningitis); the court merely indicated in its findings of fact that the evidence showed that appellant had been so advised. Since the alleged hearsay, then, was properly used by the court only to

ascertain appellee's motive and intent in allowing her child to remain for an extended period of time with her father and not as probative evidence of the child's physical condition and diagnosis, we find no error in the court's judgment in this regard. The judgment of the trial court, therefore, must be affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 14, 1980.

*Roy B. Allen, Jr.,* for appellant.
*David J. Kelley, John D. Crosby,* for appellee.