No. 89.—BRYANT INGRAM and HENRY N. SCARBOROUGH, plaintiffs in error, *vs.* WILLIAM G. LITTLE, defendant in error.

[1.] The defendants in a declaration signed the following words on the back of the declaration :

"We acknowledge due and legal service of the within writ, and waive the necessity of copy of it, and service thereof by the sheriff." There was no process to the declaration.

*Held*, That parol evidence was admissible to show, that the defendants intended to include process. in the waiver, and left out the word process by mistake or ignorance.

[2.] On the question, whether process was waived by the defendant in a suit, the clerk is a competent witness for the plaintiff in the suit.

Action to recover Lands in Crawford Superior Court. Tried before Judge WORRILL, at October Term, 1856.

Motion to vacate and set aside judgment.

This was an action brought by Little against Ingram and Scarborough, in the form prescribed by the Act of 1847, to recover a lot of land in Crawford county, and mesne profits. There was no process annexed to the original petition, nor copy petition or process served.

But upon the petition was the following acknowledgment of service, to-wit:

"We acknowledge due and legal service of the within

writ, and waive the necessity of copy and service thereof by the sheriff. June 29th, 1849.

H. N. SCARBOROUGH,
BRYANT INGRAM.
By   T. W. MONTFORT, Att'y."

Defendants pleaded the general issue and the statute of limitations.

The jury found for the plaintiff, the land and six hundred dollars for mesne profits; and at the March Term, 1853, judgment was entered up against the defendants.

At the same Term of the Court, defendants counsel gave notice to plaintiff, that he would, as soon as counsel could be heard, move the Court to vacate and set aside said judgment, on the grounds:

1st. Because no process is annexed to the declaration on which the judgment is founded and entered up in this case.

2d. Because there is no process annexed to the writ, or waiver of process by defendants or either of them.

On the hearing of the motion, the counsel for Little offered the testimony of Scarborough, the defendant in the case. To this testimony counsel on the other side objected on the following grounds:

1st. That he was a co-defendant in the case.

2d. That he was a party to the record.

3d. That the testimony was as to the contents of a writing.

4th. That the interrogatories, to which the testimony was in answer. were leading.

The Court sustained the objection, so far as to rule out all of the testimony except the following parts: " I did acknowledge service of a writ in the above stated case. The acknowledgment was made at Knoxville, I think it was in the spring of 1846. The acknowledgment was written by James J. Ray. I supposed that it was legal and obviated the necessity of service by the sheriff."

" I made the acknowledgment, because I had no interest in the suit, and supposed it would relieve me from service by an officer of Court, I had no defence to make, and intended to waive every thing which" (could) " be a defence."

The counsel for Little then offered the testimony of James J. Ray. This testimony was objected to by the counsel on the other side, on the following grounds:

1st. That there was higher evidence of who was clerk, than the statement of the witness.

2d. That being clerk, the witness was interested in the event of the suit; that if the suit failed for want of a process, the clerk would be liable to Little in damages.

The objection was overruled, and the plaintiffs in error, excepted.

The testimony was as follows: " At the commencement of the suit, I was clerk of the Superior Court of Crawford county. Before the commencement of the suit, Ewell Webb, one of the defendant's, in anticipation of the action, requested me that, if it should be commenced, I would let the declaration lie in my office, and give Mr. Murdock or himself notice, that they might waive every thing that the law allowed them to do, and save costs, as the case had already cost them a great deal. To this request I acceded, and when the declaration came into my office, I gave Mr. Murdock notice, who with Mr. Hunter, attorney at law, came into my office, and after looking at the declaration, Col. Hunter, as well as the said Murdock, requested me to do nothing with it until notice could be given to Scarborough and Ingram, who would waive every thing, and acknowledge service. Afterwards Henry N. Scarborough, the tenant in possession, called to acknowledge service and desired to waive everything that the Court permitted. I wrote the acknowlment of service and waiver, and it was my intention (as I thought I had done) to waive everything, to-wit: process,

copy, declaration, copy process by the clerk, and service by the sheriff, and thought that the entry I had made on the declaration effected this, until my attention was called to it upon a motion being made to vacate the judgment."

The counsel for Little then offered the testimony of T. W. Montfort, and to that testimony, the counsel on the other side objected, on the following grounds:

1st. That the witness acquired a knowledge of the facts to which his testimony related, while he was acting as attorney for the defendant's (below,) and by reason of the relationship of attorney and client.

2d. That the "writ itself" was the highest evidence of the character of the acknowledgment of service and of what the witness did.

3d. That the testimony gave the contents of a writing.

4th. That the testimony was in answer to interrogatories that were leading.

5th. That the testimony consisted in what would, if admitted as testimony, be a breach of professional confidence.

The Court overruled the objection and the counsel for the plaintiffs in error excepted.

The testimony—preceded by a protest on the part of the witness, that he ought not to be compelled to testify because, as he said, all the knowledge he had in relation to the case, was "derived from, by means of, and during the time he was acting as the attorney of said defendants,"- whose attorney he still was—was as follows:

"I did acknowledge service for Bryant Ingram in the above stated case. I done so to the best of my recollection, at the instance and request of said Ingram." "I intended to waive every thing that was necessary to be waived, to prevent the clerk from having to make out the necessary process and writ, and having the same served by the sheriff on Ingram." "I did not, at the time I signed said waiver,

know whether the waiver of original process was embraced therein, or that it was even necessary to be embraced. I do not know that I ever read said waiver. I signed it, believing it all right."

After argument on the motion, the Court directed the clerk to amend the acknowledgment of service on the declaration, by inserting therein the waiver of "original process," and then dismissed the motion. To all of which the plaintiffs in error excepted.

HUNTER & BAILEY, for plaintiffs in error.

HALL & HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the part of the testimony of Scarborough that was admitted, admissible ?

And first: Was he interested on the side of the party examining him, Little ?

He was interested on the other side. It would have been to his interest, that the motion to vacate the judgment should prevail, against *him*, among others.

Besides the part of his testimony admitted, had relation exclusively to himself and his acts, and not to his co-parties, or to their acts.

We think therefore, that under the Act of 1854, for the admission of the testimony of the parties in suits, within certain limits, the part of the testimony of Scarborough admitted, was admissible, unless it was in itself illegal as testimony.

Was it in itself illegal as testimony ?

This Court had to hold that the testimony was legal, in order to come to the conclusion to which it did come in this case, when the case was last before the Court. This Court then came to the conclusion, that the Court below erred in

not continuing the case to enable Little to obtain this very testimony of Scarborough's. 16. *Ga.* 195.

The argument has now a second time been urged that, as by the Judiciary Act of 1799, the whole proceeding in a case in which there is no process, is void, there can be nothing that will prevent this proceeding from being void ; and therefore, that no evidence can be admissible, the object of which is to prevent the proceeding from being held void. And again the Court must withhold its assent from the argument.

The question is not solely, if it is all, on the Judiciary Act of 1799 ; it is mainly, if not entirely, on the Act of 1840, to *amend the Judiciary Act.* The first section of the Act of 1840, is as follows : " That whenever a defendant or defendants to any suits in law or equity in this State, acknowledges service, and waives process, it shall not be necessary for the clerk to attach a process." *Cobb's Dig.* 363.

This act does by no means say in these words, that if parties *intend* to comply with it, and by mistake or ignorance, fail partly to do so, the whole proceeding shall be void.

And the Act of 1818, says, " That in every case where there is a good and legal cause of action, plainly and distinctly set forth in the petition, and there is in substance a copy served on the defendant or defendants or left at their most notorious place of abode, every other objection shall be, on motion, amended without delay or additional costs." *Id.* 488.

[1.] The Court adheres to the assertion, that the testimony was legal, and therefore holds that it was admissible.

The next question is, was the testimony of Ray the clerk, admissible ?

To take acknowledgment of service must be within the scope of the duties of clerks under the Act of 1840. And it is a general principle that agents and servants are competent as witnesses to testify about their own acts, done within the scope of their employment, even though they may be subject to liabilities over, unless the verdict goes for the par-

ty calling them.  1. *Green. Ev.* 416.  The rule makes no exception of public agents.

[2.] We think therefore, that Ray was competent as a witness.

The ground of objection to this witness's testimony, that there was higher evidence of his being clerk than his statement to that effect, was not presented in the argument.

Was Montfort's testimony admissible ?

That testimony was not such as the Act of 1850, "To reg ulate the testimony of attorneys at law," could affect. That act. applies to cases to occur after its passage.  This case occured before its passage.  *Cobb's Dig.* 280.

Nor was it such as ought to have been excluded by the rule which excludes parol evidence that is to operate to vary a writing.  The testimony stands in this respect on the same footing with Scarborough's.

The ground of objection to it, that it was drawn out by leading questions was not insisted on in the argument; nor was this ground of objection to Scarborough's evidence urged.

Nor was the testimony such as ought to have been excluded, under the rule which forbids attorneys at law to divulge "confidential communications" made to them by their clients. The testimony disclosed no communication that was entitled to be called a confidential one.

Was the evidence sufficient to authorize the Court to render the judgment which it did render, viz: a judgment, first, ordering the clerk to amend the acknowledgment of service by inserting in that acknowledgment, a waiver of process, and secondly, dismissing the motion ?

We think so clearly ;—especially as we must take into the account, the course and history of the case.

Judgment affirmed.