SCUDDER *v.* MASSENGILL *et al.*

88　245
h115　963
115　964

1. Process properly annexed to the declaration is not void because in stating the case it misdescribes it by inserting a name as plaintiff different from the name of the plaintiff in the action as shown by the declaration. Such misdescription is amendable at any time either before or after judgment. Code, §206, par. 6; *Smith* v. *Morris*, 29 *Ga.* 339; *Baldwin* v. *McMichael*, 68 *Ga.* 828; *McMichael* v. *Hardee, Ib.* 831.
2. The omission by accident or mistake to waive process in an acknowledgment of service is amendable. Code, §3490.

December 28, 1891.　　　*Judgment reversed.*

Process. Practice. Amendment. Before Judge MILNER. Catoosa superior court. August term, 1891.

Harriet L. Scudder made a motion to amend the process and acknowledgment of service in a suit in her favor against James and C. A. Massengill, in which suit a judgment had been rendered in favor of plaintiff against defendants in February, 1887. The defects which it was proposed to amend were the statement of the case in the original process where the clerk had inserted the name of the New England Security Company as plaintiff instead of the name of H. L. Scudder, and the acknowledgment of service on the original declaration, by inserting the words " original process " before " copy process." The motion to amend was made in February, 1891. The motion was overruled, and the movant excepted.

Upon the hearing the movant introduced the original declaration and entries upon it. The declaration was by Harriet L. Scudder against James and C. A. Massengill, and was a suit upon certain promissory notes made payable to Mrs. Scudder or order. The process attached to the declaration stated the case as " The New England Mortgage Security Company. *vs.* James Massengill and C. A. Massengill." The acknowledgment of service was, "We acknowledge due and legal service on the

within, and waive copy, copy process, and all other and further service by the sheriff." The movant introduced the clerk who testified that he did not know how he came to write the name of the New England Mortgage Security Company in stating the case in the process; that that name must have been in his mind, and he did it, he supposed, absent-mindedly; that there was no such suit as the one stated by him in the process in the court at any time; that some days before the acknowledgment of service, Massengill came to him and told him he and his wife wanted to acknowledge service, that he had heard Mrs. Scudder had sued or was going to sue them and they wanted to save costs; that he told them all right, and a few days after they came to his office and he wrote out and they signed the acknowledgment on the writ; and that he knew nothing of the mistake in the process until twelve months ago when the objection was made in court to it. James Massengill testified for movant: They intended to waive everything that was necessary to give the court full jurisdiction of the case. He knew the case was sued or was going to be, and asked the clerk that they might acknowledge service in order to save costs, etc., and thought all had been done that was necessary.

W. K. MOORE and O. N. STARR, for plaintiff, cited 86 *Ga.* 203; 76 *Ga.* 683; 74 *Ga.* 94; 29 *Ga.* 339; 21 *Ga.* 420; 59 *Ga.* 327; 16 *Ga.* 194; 68 *Ga.* 828, 831; Code, §§3334, 3335, 3490, 3507, 206 par. 6.

No appearance for defendants.