22927. ADAIR v. ADAIR.

ARGUED APRIL 12, 1965—DECIDED APRIL 20, 1965.

*Robert E. Andrews,* for plaintiff in error.

*Ellard & Frankum, Stephen D. Frankum,* contra.

DUCKWORTH, Chief Justice. ■ It not appearing that the wife could not read, she will be bound by her signature and charged with knowledge of the content of the papers thus signed, *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788), unless she be excused for not reading and relying upon the representations of her husband as to the contents thereof. In 26 Am. Jur. 876, § 269, it is said: "It is recognized that the most dominant influence of all relations is that of husband over wife, and transactions between them, to be valid, particularly as to her, must be fair and reasonable. . ." Undoubtedly, the deepest of confidential relationships existed between this husband and wife. He knew that she being reared in France must have been unfamiliar with the laws of Georgia. This is demonstrated by her fears that in the event of his death, his parents, who allegedly disliked her, would take her children from her when the law of Georgia would forbid such. Was the paper renouncing her rights to alimony, and voluntarily surrendering custody of their two children, all without the slightest consideration to her, fair and reasonable? Had she been fully aware of what she was doing it would have reflected poorly upon him to have thus profited by the magnanimity of a wife whom he at the time intended to divorce and turn out in a strange country without support. But it would be unreasonable to believe that knowing he intended to divorce her and knowing her legal right to seek alimony from him and to seek the custody of the two children, she would without the remotest benefit or consideration going to her voluntarily give him the children and free him from alimony. Furthermore, the paper manifests her total lack of desire for the children by giving them to him, and at the same time manifests her great concern for the children by having it say what the law had already said, that in the event of his death she could then have her children.

In *Cain v. Ligon*, 71 Ga. 692 (2), this court said: "Where such transactions [gifts] take place between persons sustaining certain confidential relations to each other (as that of husband and wife), they are not *ipso facto* void, but may be rendered void at the option of the donor, if induced by undue influence or other improper appliances or persuasions, or when brought about by anything amounting to constructive fraud. Such gifts will be scrutinized with great jealousy, and upon the slightest evidence of persuasion or influence, will be declared void, at the instance of the donor. . ." In the opinion at page 694 it is said that constructive fraud "consists in any act of omission or commission contrary to legal or equitable *duty, trust or confidence* justly reposed, which is contrary to good conscience and operates to the injury of another." (Emphasis added). The allegations, if true, show the husband guilty of omission by failing to voluntarily explain to his wife what the contents and meaning of the papers he requested her to sign were as the confidential relationship demanded this of him. He was guilty of commission in falsely representing the content of those papers. The relationship entitled her to accept his word without question and without reading.

There is another statement in 26 Am. Jur. 879, § 271, which cites a New York decision to support it that we think is applicable here, and we quote it with our approval. It is: "The fact that the husband induces his wife to transfer her property to him by representations that it was necessary to prevent her creditors from taking it does not deprive her of the right to have the transaction set aside. The parties do not stand on equal terms, and the husband cannot avail himself of the plea of particeps criminis on the part of the wife." In *Evans v. Evans*, 118 Ga. 890 (45 SE 612, 98 ASR 180), this court held that where the husband is ignorant of the fact that his wife has already committed adultery, and in compliance with her importunities, makes her a gift, it may be revoked at his instance upon his later discovery of her previous criminal conduct. A like result will follow if at the time of receiving the gift the wife has in contemplation subsequent adultery and elopement. Such holdings are bottomed upon the imperative duty of a spouse to be truthful and faithful to the other, as well as the fact that one can

rely upon the other, and thereafter be awarded relief in court against any harm suffered because of a breach of duty by the other. In *Morris v. Johnstone*, 172 Ga. 598 (3) (158 SE 308), it is said: "Where persons sustain toward another a relation of trust and confidence, their silence when they ought to speak, or their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative false representation." In this case both omission to speak and falsely representing are charged. And the closest of all confidential relations forbids either. In *White & Hamilton Lumber Co. v. Foster*, 157 Ga. 493 (2) (122 SE 29), it is said: "To misrepresent material facts for one's own benefit and to the injury of the opposite party when there is an obligation to speak the truth is fraud." The allegations of the petition are sufficient to show the signatures of Mrs. Adair were procured by fraud practiced by her husband, and consequently, grounds to set aside the divorce and custody decree, as well as the purported waiver of alimony and custody of the children and service.

■ Another sound reason why the petition should not have been dismissed on demurrer is that the divorce decree which it sought to set aside was rendered, as shown by the record, without service or waiver of service on the defendant. The purported waiver or acknowledgment of service is dated March 18, 1955, and the suit was filed March 21, 1964, as alleged, which was nine years thereafter. While it has been held that process and service may be waived, *Fowler v. Fowler*, 206 Ga. 542 (57 SE2d 593), this does not mean that it can be done at anytime regardless of remoteness and in the absence of reference to a specific suit then in contemplation. The allegations of the divorce petition show that neither of the parties was even thinking of that suit in 1955. We think the rule allowing waiver before filing is strictly limited to a specific suit in the minds of both parties at the time and that is filed in due course and without unreasonable delay. Nine years, as in this case, is unreasonable, and as a matter of law amounts to no waiver whatever. *Jones v. Jones*, 209 Ga. 861 (76 SE2d 801), where there was no valid challenge of the waiver is inapplicable here where it is doubly challenged.

Whether the date of the purported waiver is a mistake and can be amended as contended by counsel, who cite *Gainesville Buggy & Wagon Co. v. Morrow,* 23 Ga. App. 268 (98 SE 100), and *Scudder v. Massengill,* 88 Ga. 245 (14 SE 571), as authority for that contention, we do not now decide. Until amended the record shows neither service nor waiver of service, and this was the state of the record when the demurrer was sustained, and it is another reason why that judgment must be reversed.

It follows from the rulings made in both divisions of this opinion that the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*