## 56241. MAHAN v. JACKSON.

McMURRAY, Judge.

W. E. Mahan and Rose Frances Hanley Mahan obtained a final judgment and decree of divorce and alimony after W. E. Mahan had acknowledged service of the complaint which stated there was one child born as

issue of the marriage between the parties who was named therein as age nine years. He filed no response to the complaint and executed an agreement to support this child which became a part of the final decree.

After paying considerable money in child support W. E. Mahan sued Rose Frances Hanley Mahan Jackson setting forth that after their marriage they had taken into their home the child named in the divorce and alimony proceedings and reared same as their child until their separation, that they are not the natural father and mother of the child, that he has at no time legally adopted the child, and the natural mother of the child is a sister of the defendant. He further alleges that defendant had requested him to join in the adoption of the child and to take the child into their home when the child was born and to raise the child as their own. He contends the defendant promised him that her family would assume the financial obligations relating to the rearing of the child and that the defendant allowed the child to be given his name at birth, and was advised by defendant that adoption proceedings would be accomplished through an attorney employed through her family. He further alleges that the defendant well knew that no adoption of the child had been initiated, although he admits that he executed the agreement agreeing to pay for the support, maintenance and education of the child at the rate of $35 per week until the child married, became self-supporting, or became 18 years of age, dies or is no longer in the custody of the defendant. He contends he did so "upon the mistaken belief that he was legally bound to support the child." He contends further that he acknowledged service of the complaint of the divorce wherein it was alleged that one child was born as issue of the marriage, filed no pleadings in response to the complaint, and executed the agreement to pay child support but in the mistaken belief that he was legally bound to support the child, all of which was created by the misrepresentations of the defendant which the defendant well knew were false. He then contends he did not learn of the fraud perpetrated upon him until he had paid the defendant the sum of $7,233 and that pursuant to the final judgment and decree (divorce) he remains obligated to pay further (until the child

reaches the age of 18) which sum will total an additional $7,280.

Plaintiff has not sought to vacate and set aside the decree based upon a mistake of fact or fraud and does not here seek equity but here contends the actions of the defendant constitute an intentional tort and plaintiff seeks the return of the sum paid in the amount of $7,233, $506 interest, attorney fees in the amount of $2,500 and exemplary damages in the amount of $5,000.

Defendant answered, admitting generally the averments of the complaint with reference to the divorce, final judgment therein, and the child support payments which had been agreed to by the litigants. She also set forth a second defense that the plaintiff's complaint failed to state a claim upon which relief could be granted and filed a separate motion to dismiss the action for the same reason.

The motion to dismiss came on for a hearing, and after argument the trial court dismissed the complaint on the grounds that there had been a final judgment in the case on July 2, 1974, and, "the present claim of plaintiff is now moot." Plaintiff appeals. *Held:*

Plaintiff argues that he has set forth a case predicated upon Code § 105-302 and that he has alleged false representation by the defendant, scienter, intention to induce the plaintiff to act or refrain from acting in reliance by plaintiff, justifiable reliance by the plaintiff, and damage to him, citing such cases as *Shaw v. Cook County Fed. Savings &c. Assn.,* 139 Ga. App. 419, 420 (228 SE2d 326); *Romedy v. Willett Lincoln-Mercury, Inc.,* 136 Ga. App. 67 (220 SE2d 74); and *Dixie Seed Co. v. Smith,* 103 Ga. App. 386 (119 SE2d 299). However, it is clear from the pleadings admitted by the defendant that the plaintiff has paid child support to the defendant by reason of an agreement to do so, executed by the parties and which has been presented to the trial court to become a part of a decree in a divorce proceeding and that the plaintiff filed no pleadings in response to the complaint which clearly stated that he was the father of the child. Until this judgment is vacated and set aside this judgment is binding upon him since he acknowledges that the payments were made under a valid decree of the court.

See *Smith v. Word,* 115 Ga. App. 265 (4), 269 (154 SE2d 646). Here the plaintiff admits the former litigation between the parties which estops him from proceeding here to seek the return of funds paid by him under a decree of court, valid until vacated and set aside. See *Phillips v. Hightower,* 190 Ga. 785, 792 (10 SE2d 854). Thus, he has no valid complaint to recover same. Accordingly, the trial court did not err in dismissing the complaint. The case of *Adair v. Adair,* 220 Ga. 852 (142 SE2d 251), cited by the plaintiff, is one seeking equitable relief to declare the divorce decree between the parties null and void and does not apply to a case at law. Such a decree here is also valid and binding at law until vacated and set aside, and plaintiff has set forth no complaint for the recovery of payments made under that decree since he is bound by that judgment. He is estopped to claim fraud until this valid decree is set aside.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 5, 1978 — DECIDED OCTOBER 12, 1978.

*Martin L. Fierman,* for appellant.
*Virginia A. Bips,* for appellee.