In the Matter of CENTRAL EQUIP-
MENT & SERVICE COMPANY,
INC., Debtor.

MASSEY–FERGUSON, INC. and
Massey-Ferguson, Credit
Corporation, Movants,

v.

CENTRAL EQUIPMENT & SERVICE
COMPANY, INC., Respondent.

Bankruptcy No. A85–00487–ADK.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 1, 1986.

R. Matthew Martin, Hansell & Post, Atlanta, Ga., for movants.

J. Michael Lamberth, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for respondent.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The above-styled Chapter 11 bankruptcy case is before the Court on a Motion for Relief from Stay and a Motion to Extend Time for Filing Proof of Claim filed by Massey-Ferguson, Inc. and Massey-Ferguson Credit Corporation [hereinafter referred to as "Movants"]. A hearing on the Motion for Relief from Stay was held on March 6, 1986, after which the Court took the matter under advisement. The Court finds these matters to constitute core proceedings within the meaning of 28 U.S.C. § 157(b)(2). The relevant facts are not in dispute and can be summarized as follows.

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 31, 1985. Movants were listed in Schedule A–1 as having a claim against the Debtor in the total amount of $219,809.02. The Debtor listed this claim as disputed. On March 2, 1985, an order entitled "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay" was issued from the Clerk's Office of the Bankruptcy Court and sent to all listed creditors. That Order stated, *inter alia,* that

The debtor (or trustee) has filed or will file a list of creditors and equity security holders pursuant to Rule 1007. Any creditor holding a listed claim which is not listed as disputed, contingent, or unliquidated as to amount, may, but need not file a proof of claim in this case. *Creditors* whose claims are not listed or *whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim on or before the last day fixed for filing a proof of claim.* Any creditor who desires to rely on the list has the responsibility for determining that he is accurately listed.

(emphasis added). The deadline for filing proofs of claim was set as June 27, 1985. On March 29, 1985 and June 13, 1985, the Debtor served the Movants with a Notice stating that their claim was listed as disputed by the Debtor.

After examining the Debtor's bankruptcy schedules, Movants concluded that "[b]ecause secured creditors with claims totaling $423,862.09 asserted a claim against $75,975.07 in assets, there appeared to be no possibility for any dividend to unsecured creditors, such as Movants. Therefore, Movants filed no proof of claim." Motion to Extend Time for Filing Proof of Claim at ¶ 4. On August 29, 1985, the Debtor filed suit against Movants in the United States District Court for the Northern District of Georgia. Movants filed their answer to the complaint which included a "Notice of Counterclaim." Movants filed the "Notice" because they determined the counterclaim could not be filed against the Debtor because of the automatic stay imposed by § 362 of the Bankruptcy Code. Movants then filed the instant Motion for Relief From Stay seeking leave of this Court to assert their counterclaim against the Debtor.

The Debtor opposed the Motion arguing that Movants were barred from asserting the counterclaim, which arose prior to the filing of the bankruptcy petition, because

they had failed to file a proof of claim. Movants then filed the instant Motion to Extend Time for Filing Proof of Claim. The Court notes that, until they filed their Motion for Relief from Stay, Movants had not been active in this case.

## A. MOTION TO EXTEND TIME FOR FILING PROOF OF CLAIM

■ On March 17, 1986, Movants filed their Motion to Extend Time for Filing Proof of Claim. Bankruptcy Rule 3003(c)(3) provides that the Court may extend the time within which a creditor may file a proof of claim for cause. The Eleventh Circuit Court of Appeals has held that, when a creditor seeks to file a proof of claim after the bar date and when that request is made after the expiration of the time set for filing proofs of claim, the creditor must show excusable neglect. *Biscayne 21 Condominium Ass'n., Inc. v. South Atl. Fin. Corp. (In re South Atl. Fin. Corp.)*, 767 F.2d 814 (11th Cir.1985).

In the case *sub judice*, there has been no showing of excusable neglect. In fact, there has been no showing of neglect at all. Here, Movants made the deliberate decision not to file a proof of claim. They assessed the Debtor's schedules and decided not to participate in the Debtor's bankruptcy case. Therefore, the Court must deny the Motion to Extend Time for Filing Proof of Claim.

## B. MOTION FOR RELIEF FROM STAY

■ The Debtor contends that, because Movants have been barred from filing a proof of claim in the bankruptcy case, they should not be given relief from the automatic stay to pursue their counterclaim against the Debtor. If Movants are allowed to go forward, the Debtor argues, the estate will be required to expend time and money defending against a claim which cannot be asserted in the bankruptcy court.

Curiously, none of the Parties have addressed the issue of setoff as provided for in § 553 of the Bankruptcy Code. Section 553 provides, in part, that

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

> (1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title.

It appears that both the Debtor's claims and those of Movants arose before the commencement of the instant bankruptcy case. The question then becomes whether Movant's claim has been disallowed. In subsection A of this Memorandum of Opinion and Order, the Court has declined to allow Movants to file a late proof of claim. Is this a disallowance within the meaning of § 553(a)(1)? After careful consideration, the Court finds that it is not.

Section 553 was intended to preserve the right of creditors to offset mutual debts unless their debts fell into certain categories specified in subsection (a). "Section 553(a) does not contain a requirement that a creditor seeking to exercise a setoff must first file a proof of claim." *Waldschmidt v. Columbia Gulf Transmission Co. (In re Fulghum Constr. Corp.)*, 23 B.R. 147 (Bankr.M.D.Tenn.1982). The use of the term "disallowed" suggests that the merits of the creditor's claim would be reached. In the case *sub judice*, the Court has not adjudicated the validity of the claim; it has only found that it is time-barred from participation in the bankruptcy estate. Whether Movants have a valid right of setoff against any claim the Debtor may have against them is not before the Court. The stay should be lifted to allow Movants to assert their counterclaim against the Debtor in the District Court. That Court may then decide whether any right of setoff exists. In the event, however, the District Court finds that the debt owed by the Debtor to Movants is greater in amount than the debt owed by the Movants to the

Debtor, Movants are estopped from attempting to collect the excess amount from the Debtor because Movants failed to file a timely proof of claim.

ORDER

In accordance with the reasoning above, it is the Order of the Court that the Motion to Extend Time for Filing Proof of Claim filed by Massey-Ferguson, Inc. and Massey-Ferguson Credit Corporation be, and the same hereby is, DENIED.

It is the further Order of the Court that the Motion for Relief From Stay filed by Massey-Ferguson, Inc. and Massey-Ferguson Credit Corporation be, and the same hereby is, GRANTED.