In re Michael Laverne NIGG and
Phyllis Catherine Nigg, d/b/a
Grain Farmers, Debtors.

In re Nathanael John SCHULTZ and
Delores Lovella Schultz, d/b/a
Farmers/Ranchers, Debtors.

Bankruptcy Nos. 185–00023, 485–00069.

United States Bankruptcy Court,
D. South Dakota.

Aug. 7, 1986.

J. Bruce Blake, Sioux Falls, S.D., for The Northeast South Dakota Production Credit Ass'n, Plan Proponent in the Nigg Case, and The Mitchell-Huron Production Credit Ass'n, Plan Proponent in the Schultz Case.

Andrew J. Schmid, Minneapolis, Minn., for U.S. Trustee William P. Westphal, Sr.

William J. Pfeiffer, Aberdeen, S.D., for debtors Michael LaVerne Nigg and Phyllis Catherine Nigg.

Wesley D. Schmidt, Sioux Falls, S.D., for debtors Nathanael John Schultz and Delores Lovella Schultz.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

These cases have been consolidated for the purpose of resolving a single issue: Whether a creditor's liquidating plan must be administered by a liquidating agent designated by the creditor/proponent of the plan or may be administered by a trustee appointed pursuant to the provisions of the Code by the United States Trustee.

The United States Trustee's position is that a liquidation plan proposed by a credi-

tor must be self-executing. The plan itself must provide its own means, usually through a liquidating agent, to effectuate the provisions of the plan. The United States Trustee argues that the provisions of the Bankruptcy Code preclude the appointment of a trustee for the sole purpose of liquidation under a Chapter 11 plan and that the use of a trustee in this context is inconsistent with the fiduciary nature of a trustee in bankruptcy.

The creditor/proponent in each of these cases takes the position that the appointment of a trustee, rather than the use of a liquidating agent hired by the creditor/proponent of the plan, is in the interest of all parties. They argue that only a trustee can perform certain functions under the Code, such as selling property of the estate other than in the ordinary course of business, and that a liquidation agent would not have the authority to execute sale documents and pass good and marketable title. Second, the creditor argues that the use of a trustee is also the best method of safeguarding the interests of the debtor because a trustee is a fiduciary and not the agent of one creditor.

After careful consideration of the facts in these cases, the provisions of the Code, and the policy behind them, the Court concludes that it is in the interest of all parties to have a liquidation plan administered by a trustee rather than a liquidation agent and that the provisions of the Code do not prohibit the use of a trustee in that context.

Section 1104 of the Code provides for the appointment of a trustee at any time after commencement of the case but before the confirmation of a plan "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate ...." The duties of a Chapter 11 trustee are set out in Section 1106. Subsection (1) directs the Chapter 11 trustee to perform certain of the duties set out for a Chapter 7 trustee in Section 704. The United States Trustee argues in the instant case that because liquidation is omitted from this list, a Chapter 11 trustee does not have the authority to sell property of the estate. This Court cannot agree.

As a general rule, Chapter 11 contemplates reorganization, not liquidation. In the majority of cases, if a trustee was appointed, there would be no need—and, certainly, no duty—for a Chapter 11 trustee to liquidate property because reorganization would be the goal of any plan the Court ultimately confirmed. The Chapter 11 trustee would act in an interim management role until confirmation of a plan and the revesting of estate property in the debtor. This Court is of the opinion that liquidation is omitted from the list of duties under Section 1106 because the Code's drafters foresaw little or no need for a Chapter 11 trustee to liquidate property. Had the debtor desired liquidation of his property, he would have chosen to file for relief under Chapter 7; and if liquidation in Chapter 11 was to be the norm, there would be no provision for the 120–day period in which the debtor has the exclusive right to propose a plan.

The United States Trustee also argues that the Section 105 prohibition against the appointment of a receiver means that the Court cannot authorize a Chapter 11 trustee to sell property. The omission of specific provisions for liquidation by a Chapter 11 trustee does not mean that the use of a trustee in this context is prohibited. Even though Section 105 of the Code prohibits appointment of a receiver, it states that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The Notes of the Senate Committee on the Judiciary elaborate by saying that "the bankruptcy code has ample provision for the appointment of a trustee when needed. Appointment of a receiver would simply circumvent the established procedure." Far from being a prohibition against appointment of a Chapter 11 trustee to liquidate, this Court interprets that to mean that the Court should use a trustee in those circumstances where it might think it appropriate to appoint a receiver because

the Code provides guidelines for appointing a trustee and for the trustee's duties once appointed. By contrast, there is *no* authority at all for a liquidating "agent" hired by a creditor. There are no procedures for regulating conduct or compensation of a liquidating agent and no procedures for obtaining court approval for his actions. A liquidating agent is a non-entity to the Code.

 Finally, a trustee is an officer of the Court provided by the Code—with fiduciary duties regardless of whether the case is a Chapter 7, 13 or 11. Just because the trustee is limited to carrying out the creditor plan rather than proposing a plan of his own does not make him any less of a fiduciary, nor are his duties inconsistent with that of a fiduciary. He is charged with carrying out the liquidation process in a commercially reasonable manner, transferring property and proceeds to buyers and creditors, and insuring that the interests of all the creditors and the debtor are protected. If we so scrupulously guard the rights of all in Chapter 7 liquidation proceedings by having a trustee administer the liquidation, surely the same concern for the rights of all must carry over to liquidation in the context of a Chapter 11 plan.

The policy reasons for using a trustee do not disappear because the liquidation takes place in the Chapter 11 context. Perhaps they take on even more importance in the execution of a plan proposed by one creditor when it might be natural for a liquidating agent to neglect the rights of other creditors and the debtor in order to do a good job for his employer.

As previously mentioned, a liquidation in Chapter 11 may also be contrary to the stated desires of the debtor, i.e., the debtor may have been unable to obtain the necessary acceptances from creditors to have the debtor's plan of reorganization confirmed. Surely, under circumstances of involuntary liquidation, a trustee is the appropriate agent in replacement of the debtor-in-possession to accomplish an orderly liquidation and to protect the integrity of the system by avoiding the problems inherent from placing the debtor in a position of direct conflict with the proponent creditor in the consummation of the plan.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in each of the above-entitled cases pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the creditors/proponents is directed to submit an appropriate order for each case in accordance with Bankr.R.P. 9021.