**In re ANALYTICAL SYSTEMS,
INC., Debtor.**

**Bankruptcy No. 86–00688–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 8, 1988.

Robert Trauner, Trauner, Cohen & Thomas, Atlanta, Ga., for debtor.

Frank Wilensky, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, Ga., for Objecting Creditor.

John Almond, Rogers & Hardin, Atlanta, Ga., for claimant Virginia A. Dilkes.

ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is Virginia A. Dilkes' motion for reconsideration of the August

31, 1988 order disallowing her claim, motion for a new trial on the objections to her claim, motion for amendment of the court's findings of fact and conclusions of law, and motion for an order vacating or amending said order. This matter originally came on for hearing on August 9, 1988 on the objections filed by the debtor and the principal secured creditor, ITT Commercial Finance Corp. ("ITT"), to the claims of Ms. Virginia A. Dilkes, formerly known as Ms. Virginia A. Dunning, and her wholly-owned company, Computer Business Solutions, Inc. ("CBS").[1] This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(B). The court's findings and conclusions are as follows:

Ms. Dilkes was scheduled as a creditor and received actual notice of the Chapter 11 case. She testified that upon receipt she asked James Dunning, who was her husband at that time and was also the sole shareholder, president and chief executive officer of the debtor, about the notice. He informed her that her claim was scheduled and that she did not need to file a proof of claim. While this statement was true, Mr. Dunning failed or omitted to advise Ms. Dilkes of the amount for which her claim was scheduled and that, prior to the Chapter 11 filing, her claim had been reduced from approximately $378,872.00 to approximately $51,000.00 on the corporate books. Ms. Dilkes testified that she relied on her husband's representation and did not file a proof of claim. Subsequently, in July 1987, Ms. Dilkes, while going through a divorce with Mr. Dunning, discovered that her individual claim was scheduled for $51,456.65 rather than the asserted $378,872.00. Thereafter, on September 18, 1987 and over a year after the July 10, 1986 bar date, Ms. Dilkes filed a proof of claim in the sum of $378,872.63 plus interest.[2] Objections were made to this proof of claim and the matter duly came on for hearing.

Bankruptcy Rule 3003(c)(3) provides that the court may extend the time within which a creditor may file a proof of claim *"for cause shown."* The law is settled in this circuit that when a creditor seeks to file a proof of claim after the bar date and the request is made after the expiration of the time set for filing proofs of claim, the creditor must show that its failure to act prior to the deadline was the result of *excusable neglect. Biscayne 21 Condominium Assoc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 817–19 (11th Cir. 1985). *See also Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes, Ltd.)*, 845 F.2d 57, 59–60 (3rd Cir.1988); *Massey–Ferguson, Inc. v. Central Equipment & Service Co. (In re Central Equipment & Service Co.)*, 61 B.R. 986, 988 (Bankr.N.D. Ga.1986). Since Ms. Dilkes filed her proof of claim after expiration of the bar date, the court limited the hearing initially to the issue of whether Ms. Dilkes could establish that her failure to file a timely proof of claim was the result of excusable neglect.

At the hearing, counsel for Ms. Dilkes argued that the husband and wife relationship between Mr. Dunning and Ms. Dilkes (formerly Ms. Dunning) established a confidential marital relationship upon which Ms. Dilkes relied, and this fact establishes excusable neglect pursuant to the Eleventh Circuit's holding in *In re South Atlantic Financial Corp., supra.* No authority for the asserted confidential marital relationship was provided although, when questioned by the court, counsel cited the cases of *Fulton National Bank v. Tate*, 363 F.2d 562 (5th Cir.1966) and *Clark v. Clark*, 167 Ga. 1, 144 S.E. 787 (1928). Neither of these cases appears to support the argument for such asserted confidential relationship between husband and wife. After hearing evidence on the excusable neglect issue, the court concluded that Ms. Dilkes had not shown that her failure to file a timely proof of claim was the result of excusable neglect. Accordingly, an order

---

**1.** The CBS claim was withdrawn at the hearing on this matter and is not at issue herein.

**2.** Ms. Dilkes also filed a motion to allow her claim. The court did not rule on the motion when it was filed because, pursuant to 11 U.S.C.

Section 502(a), a claim, proof of which is filed under Section 501, is deemed allowed unless a party in interest objects thereto. Objections to the claim brought the motion in issue.

was entered on August 31, 1988 which disallowed her late claim.[3]

Counsel for Ms. Dilkes filed a motion and brief for reconsideration and once again argued excusable neglect based on a violation of the confidential marital relationship by Mr. Dunning and reliance by Ms. Dilkes. After reviewing the motion, the court instructed counsel for the respective parties to further brief the legal issues relating to whether under Georgia law a confidential relationship exists between a husband and wife upon which each spouse may rely and whether its violation by one spouse establishes excusable neglect if relied upon by the other spouse. Based upon these briefs and the record herein, the court concludes that such confidential relationship does exist between husband and wife and may establish excusable neglect, particularly in a situation like the present case in which one spouse is also the principal of the debtor.

The court has examined the authorities on the matter and determined that Georgia case law holds that a confidential relationship does exist between husband and wife. The Georgia Supreme Court in *Adair v. Adair*, 220 Ga. 852, 142 S.E.2d 251 (1965), recognized that the relationship of husband and wife is the closest of confidential relations known to law. *See also Cain v. Ligon*, 71 Ga. 692 (1883) (cited and quoted in *Adair*); 41 Am.Jur.2d, *Husband and Wife*, Sections 270–71, pages 223–25 (1968 & Supp.1988) (cited and quoted in *Adair*); *Warner v. Florida Bank & Trust Co.*, 160 F.2d 766, 770 (5th Cir.1947) (discussing Florida law); *Peyton v. William C. Peyton Corp.*, 23 Del.Ch. 321, 7 A.2d 737 (1939). The *Adair* court emphasized that both "actual affirmative false representations" and "omission to speak" in dealings between a husband and wife violate a spouse's duty to be truthful and faithful to the other spouse. This husband-wife confidential relationship entitles one spouse to rely on the other to be truthful and faithful in their

various dealings. *Adair v. Adair*, 220 Ga. at 854–56, 142 S.E.2d at 253–54. *See also* O.C.G.A. Section 23-2-58; *Cochran v. Murrah*, 235 Ga. 304, 306, 219 S.E.2d 421, 423 (1975) (discussing O.C.G.A. Section 23-2-58 and noting the existence of the confidential relationship between husband and wife as elaborated in *Cain v. Ligon, supra*).[4]

The testimony of Ms. Dilkes stands undisputed in the record that she relied upon Mr. Dunning's statement that her claim was scheduled and that she did not need to file a proof of claim because she was already scheduled. (Transcript of the August 9, 1988 hearing on this matter, pages 18–20, hereinafter "Transcript, page # "). However, Mr. Dunning failed or omitted to advise Ms. Dilkes that her claim had been substantially reduced prior to filing and that if she desired to contest the amount, she must file a claim. This appears to be a clear breach of the confidential marital relationship. Ms. Dilkes' testimony is undisputed that Mr. Dunning advised her after the bar date that $250,000.00 had been charged against her account for the payment that was made to Larry Williams when his interest in the debtor was purchased on June 1, 1984. (Transcript, pages 22–24, 40–42).

Further, as previously noted, Mr. Dunning was the sole shareholder, president and chief executive officer of the debtor at the time of the Chapter 11 filing. As such, he was the person primarily responsible for performing the duties of the debtor in possession, including preparing the list of creditors and accompanying schedules. Pursuant to 11 U.S.C. Section 1107, a debtor in possession occupies the role of trustee and thus stands in a fiduciary relationship to creditors. Therefore, as sole shareholder, president and chief executive officer of the debtor in possession, Mr. Dunning had a fiduciary duty to deal fairly with the debtor's creditors, including Ms. Dilkes. *See*

---

**3.** That order allowed the claim in the undisputed amount scheduled of $51,456.65 plus interest and disallowed the late filed claim to the extent that it exceeded the undisputed amount for which Ms. Dilkes' claim was scheduled.

**4.** In *Cochran*, the court was dealing with an employer-employee relationship.

*Sherr v. Winkler,* 552 F.2d 1367, 1374 (10th Cir.1977), citing *Wolf v. Weinstein,* 372 U.S. 633, 83 S.Ct. 969, 10 L.Ed.2d 33 (1963); *In re Job–Site Industries, Inc.,* 78 B.R. 332, 334 (Bankr.S.D.Fla.1987); *In re Nigg,* 63 B.R. 630, 632 (Bankr.D.S.D.1986). *See also Chmil v. Rulisa Operating Co. (In re Tudor Assocs., Ltd., II),* 64 B.R. 656, 662 (E.D.N.C.1986); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569, 576 (Bankr. N.D.Tex.1986). By failing to advise or omitting to inform Ms. Dilkes that her claim had been reduced from approximately $378,872.00 to approximately $51,000.00 on the corporate books and that she had been scheduled for this lesser amount, Mr. Dunning has not dealt fairly with Ms. Dilkes.

In conclusion, the court finds that Georgia law establishes a confidential relationship between a husband and a wife which imposes a duty on each to be truthful and faithful to the other spouse. Furthermore, Mr. Dunning, as the principal of the debtor in possession stood in a fiduciary relationship to creditors and thus had a duty to deal fairly with Ms. Dilkes. Ms. Dilkes' undisputed testimony established that Mr. Dunning failed or omitted to advise her that her claim had been substantially reduced prior to filing and that if she desired to contest the amount, she must file a claim. The court thus concludes that Mr. Dunning, in his spousal role and in his fiduciary role as principal of the debtor in possession, has not dealt fairly with Ms. Dilkes in this Chapter 11 case. This would appear to be sufficient to establish the requisite excusable neglect elaborated in *In re South Atlantic Financial Corp., supra.* Accordingly, the court will grant Ms. Dilkes' motion for reconsideration and will grant a new trial on the objections to the proof of claim. Based on the foregoing, it is

ORDERED that Ms. Dilkes' motion for reconsideration of the disallowance of her proof of claim to the extent that it exceeded the amount for which she was scheduled and motion for new trial are GRANTED.

IT IS SO ORDERED.