## A94A1867. PHILLIPS v. DRAKE.
### (449 SE2d 879)

BLACKBURN, Judge.

On February 4, 1993, appellee, Kenneth Thomas Drake, commenced this action against Natalie Carey Phillips f/k/a Natalie Carey Drake (Phillips), for modification of a joint custody decree. In its January 14, 1994 order, the trial court awarded sole custody to Drake, the minor child's natural father, following a bench trial. We granted Phillips' application for discretionary review and this appeal followed.

Incorporated into and made part of the parties' final divorce decree was a written settlement agreement between them, in which they agreed to joint custody of their minor child, Carey Kenneth Drake (Carey), born October 23, 1988. In the action below, both parties agreed that the joint custody arrangement was not working.

In nine enumerations of error, Phillips attacks the trial court's order as based on: (1) an application of an improper legal standard, (2) erroneously admitted or insufficient evidence, and (3) abuse of discretion.

1. "The legal principles governing the trial judge's awesome role in such cases are as follows. Once a permanent child custody award has been entered, the test for use by the trial court in change of child custody suits is whether there has been a change of conditions affecting the welfare of the child. A showing of changed conditions of an out-of-custody parent, without a showing of its material effect on the child, is insufficient to warrant a change in custody. Though the trial judge is given a discretion, he is restricted to the evidence and is unauthorized to change the custody where there is no evidence to show

new and material conditions that affect the welfare of the child.

OCGA § 19-9-3 (a) provides that in change of custody cases the trial court's duty shall be to exercise its discretion to look to and determine what is for the best interest of child or children and what will best promote their welfare and happiness and to make its award accordingly. This rule of law lays the Solomonic task squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility. It is that judge upon whom it is incumbent to hear the evidence with respect to changed conditions and render a decision based upon that judge's discretion and good judgment as that judge viewed the evidence, giving primary consideration to the welfare of the child. In cases of this nature where the evidence is heard before the judge alone and without the intervention of a jury, and where the principal consideration is the welfare of the child involved, the proceeding is not to be governed by strict rules applicable to ordinary trials. Unless the record before this court clearly indicates that the judge based his or her decision upon illegal evidence or upon a misapprehension of the law, it will be presumed that upon rendering his or her decision he or she considered only legal and admissible evidence." (Citations and punctuation omitted.) *Arp v. Hammonds*, 200 Ga. App. 715, 716-717 (409 SE2d 275) (1991).

Phillips initially challenges the custody award as the result of a misapprehension of the applicable law or a failure to follow it. We find no evidence of either. With respect to the requirement for a finding of material change affecting the child, the trial court determined that Phillips' actions and conduct failed to provide character traits such as honesty and standards of moral and wholesome conduct and constituted a change of conditions that affected the welfare, happiness and best interest of the minor child. After agreeing with the parties that joint custody was no longer appropriate, the trial court then found that the change in circumstances was not in the best interest of Carey, and permanently awarded custody to Drake.

The sufficiency of the evidence to authorize a change of custody lies within the sound discretion of the trial judge alone, and, "[i]f there is any reasonable evidence to support the trial court's decision concerning change of custody as between parents, such decision will be affirmed on appeal. [Cit.]" *Lifsey v. Lifsey*, 256 Ga. 613, 614 (351 SE2d 637) (1987). There is evidence in the record to support the trial court's decision to change custody, and we affirm it.

2. Phillips also asserts that the trial court abused its discretion by adopting Drake's proposed final order in preference to her own and by arbitrary and inconsistent rulings on the evidence, inclusive of the rulings excluding pre-divorce circumstances. There is no evidence in the record that the trial court did not seriously consider all of the

evidence before it or the proposed orders of counsel. That the trial court elected to adopt one order over the other is simply an indication that the adopted order reflected the holding of the court. See *Strickland v. Long*, 216 Ga. 717, 720 (119 SE2d 561) (1961). Moreover, as long as the order of the court is supported by evidence, in the absence of evidence that the court did not seriously consider proposed findings and conclusions of law presented to it, no error results even if a proposed order is adopted verbatim. See *Outdoor Advertising Assn. of Ga. v. Dept. of Transp.*, 186 Ga. App. 550 (1) (367 SE2d 827) (1988). Accordingly, we find no error in the trial court's order or in the procedure from which same resulted.

Neither do we find error with respect to the trial court's rulings on the evidence. In a bench trial of this sort the proceedings are relaxed. *Arp*, supra at 717. Further, in such a proceeding by judge alone, we presume that the trial court considered only legal and admissible evidence, unless the record reflects clear evidence to the contrary or that a misapprehension of the law was evident. *Dearman v. Rhoden*, 235 Ga. 457, 458 (219 SE2d 704) (1975).

3. Phillips last enumerates as error that the trial court threatened her by stating that the court could award custody to a third party or an institution. This assertion of error is without merit. While the trial court made the statement, it did so, not to Phillips alone, but to both parties. Any error in making the statement was harmless as custody was not awarded to a third party or institution.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 21, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994 —

*Stern & Edlin, George S. Stern, Janis Y. Dickman,* for appellant.
*Heard, Leverett & Phelps, R. Chris Phelps,* for appellee.