2002 SD 65

**Jeanne K. FELDHAUS, Plaintiff and Appellant,**

**v.**

**Ronald SCHREINER, Defendant and Appellee.**

**No. 22003.**

Supreme Court of South Dakota.

Considered on Briefs April 22, 2002.

Decided June 5, 2002.

Patricia A. Meyers of Costello, Porter, Hill, Heisterkamp, Bushnell & Carpenter, Rapid City, for plaintiff and appellant.

Travis Jones of Riter, Mayer, Hofer, Wattier & Brown, Pierre, for defendant and appellee.

GILBERTSON, Chief Justice.

[¶1.] Jeanne Feldhaus (Feldhaus) sued Ronald Schreiner (Schreiner) for divorce. After a bench trial on March 15, 2001, the court awarded 46 percent of the marital assets to Feldhaus and 54 percent to Schreiner. Feldhaus appeals the trial court's division of property. We affirm.

### FACTS AND PROCEDURE

[¶2.] The parties were married on December 27, 1980. At that time, Feldhaus was thirty-two years old and Schreiner was forty-one years old. This was the second marriage for both of them. The two remained married for approximately twenty years and had no children from the marriage.

[¶3.] Feldhaus and Schreiner both worked outside the home during the course of the marriage. They pooled their separate incomes and paid expenses together. Schreiner had worked for the State of South Dakota for eleven years before the marriage, and the bulk of his employment after the marriage was with the State as well. Schreiner retired in 1995 and now draws $41,000 per year in benefits. Feldhaus continues to work full time with the federal government and earns $39,000 per year. The couple owed $27,410 in taxes resulting from early withdrawal of Schreiner's IRA, which was used to pay down their mortgage.

[¶4.] During the course of their employment, both parties contributed to retirement plans. Schreiner participated in the South Dakota Retirement System (SDRS) and his policy is presently valued at $550,320. Feldhaus participated in a Thrift Saving Plan (TSP) and the Federal Employee Retirement System (FERS). These two policies have a present value of $119,343 and $113,000, respectively.

[¶5.] Since January 1995, Schreiner has received nearly $200,000 in retirement payments. Unlike Feldhaus' policies, Schreiner's has no "cash out" value because he has already received more than the $70,000 he has paid in. While an economist testified that the "current" value of the policy is $550,320, the current value does not equate to cash value. The value asserted at trial assumes that Schreiner will live to the age of 78 and continue drawing payments. Additionally, 11 of Schreiner's 31 years of service were accumulated prior to the marriage, so the trial court apportioned the value of the policy attributable to the marriage at $330,192.

[¶6.] Schreiner also testified that he suffers from chronic heart disease. He has been hospitalized five times in South Dakota and four times while working outside the United States. Schreiner takes four different kinds of medication to treat

his heart condition and he will require corrective surgery in the near future. No medical evidence, however, was presented to indicate that this condition would significantly shorten his life expectancy.

[¶ 7.] At the conclusion of the trial, the court directed the parties to submit their closing arguments in writing. On May 1, the court delivered its proposed findings of fact and conclusions of law, which essentially divided the property equally. When the court instructed both counsel to submit their own proposed findings and conclusions, as well as their objections to those proposed by the court, Feldhaus mistakenly copied the text proposed by Schreiner and submitted it to the court as her own.

[¶ 8.] The court, thinking the parties were in agreement as to the 46/54 division of property, amended its findings and conclusions accordingly. The court awarded Feldhaus $340,699 in property and assets, and Schreiner $407,304. When Feldhaus discovered her mistake and brought it to the court's attention, she was allowed to resubmit her proposed findings of fact and conclusions of law. But the court considered "the respective age and health of the parties, the parties' contribution towards the accumulation of assets, the present versus cash value of the property, and the parties' competency to earn a living," and concluded that the most equitable division was still the 46/54 split. Feldhaus now appeals the court's property division:

> Whether the trial court abused its discretion in awarding only 46 percent of the marital property to Feldhaus, and 54 percent to Schreiner.

## STANDARD OF REVIEW

[¶ 9.] We review the trial court's division of property under the abuse of discretion standard. *Albrecht v. Albrecht*, 2000 SD 54, ¶ 10, 609 N.W.2d 765, 768 (citing *Priebe v. Priebe*, 1996 SD 136, ¶ 9, 556 N.W.2d 78, 80). Thus, for a reversal, Feldhaus must show that "no 'judicial mind, in view of the law and the circumstances, could have reasonably reached the same conclusion.'" *Nickles v. Schild*, 2000 SD 131, ¶ 7, 617 N.W.2d 659, 661 (quoting *State v. Barber*, 1996 SD 96, ¶ 14, 552 N.W.2d 817, 820). *See also Billion v. Billion*, 1996 SD 101, ¶ 14, 553 N.W.2d 226, 230 (stating we do not determine whether we would have made the same ruling, but whether any judicial mind could reasonably have done so).

[¶ 10.] We review the circuit court's findings of fact under the clearly erroneous standard. *New Era Mining Co. v. Dakota Placers, Inc.*, 1999 SD 153, ¶ 7, 603 N.W.2d 202, 204 (citations omitted). "Clear error is shown only when, after review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Cleveland v. Tinaglia*, 1998 SD 91, ¶ 16, 582 N.W.2d 720, 724). "The trial court's findings of fact are presumed correct and we defer to those findings unless the evidence clearly preponderates against them." *Lewis v. Moorhead*, 522 N.W.2d 1, 3 (S.D. 1994) (citing *Cuka v. Jamesville Hutterian Mut. Soc.*, 294 N.W.2d 419, 421 (S.D. 1980)).

## ANALYSIS AND DECISION

[¶ 11.] **Whether the trial court abused its discretion in awarding 46 percent of the marital property to Feldhaus, and 54 percent to Schreiner.**

[¶ 12.] Feldhaus contends that the trial court abused its discretion in two ways. First, she argues that the trial court abandoned its decision-making responsibility by simply adopting, verbatim, those findings and conclusions submitted by Schreiner. Second, Feldhaus maintains that the only equitable distribution of marital property

in this case would be to divide the property equally. We disagree.

[¶ 13.] Feldhaus claims SDCL 15–6–52(a) only allows the court to direct counsel to prepare and submit proposed findings of fact and conclusions of law "after it has announced its decision," and that this statute "cannot allow the court to abdicate its responsibilities." SDCL 15–6–52(a) provides, in pertinent part:

In all actions tried upon the facts without a jury ... the court shall, unless waived as provided in § 15–6–52(b), find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to § 15–6–58.

... Findings of fact, whether based on oral or documentary evidence, may not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

A copy of the proposed findings shall be served upon the attorneys of record to the action.... The court may direct counsel for the prevailing party to prepare findings; and counsel shall, within ten days after announcement of decision, unless otherwise ordered, prepare, serve, and submit to the court with copies to opposing counsel, proposed written findings of fact and conclusions of law together with the proposed judgment or decree.

*The court may not sign any findings therein prior to the expiration of five days after service of the proposed findings during which time the parties may in writing submit to the court and serve on their adversaries their objections or additional proposals.* Thereafter the court shall make or enter such findings and conclusions as may be proper.

Any action or decision of the court in making or modifying findings of fact or conclusions of law shall be deemed excepted to, but the failure of the court to make a finding or conclusion on a material issue is not to be deemed excepted to unless such finding or conclusion has been proposed to or requested from the court. * * *

(emphasis added). Feldhaus overlooks the fact that this provision is designed to give each of the parties one last opportunity to convince the court of its position. Irrevocably binding the court to any position it considers during trial[1] would defeat this purpose. Feldhaus' argument would render SDCL 15–6–52(a) meaningless.

[¶ 14.] In addition, many courts have recognized this common practice. *See, e.g., Chamblee v. Chamblee,* 637 So.2d 850 (Miss.1994) (recognizing Mississippi Supreme Court has consistently held that a trial court can adopt verbatim, in whole or part, the findings of fact and conclusions of law submitted by a party); *Smith v. United Parcel Svc.,* 254 Mont. 71, 835 P.2d 717 (1992) (holding no abuse of discretion where court adopted party's findings and conclusions "almost verbatim"); *Leftwich v. Leftwich,* 442 A.2d 139 (D.C.1982) (rejecting challenge to court's verbatim adoption of party's findings and conclusions but adopting a stricter standard of review); *Matter of Hamilton,* 97 N.M. 111, 637 P.2d 542 (1981) (holding trial court did not abdicate its responsibility by adopting, almost verbatim, findings of fact and conclusions of law submitted by party); *Dean v. Dean,* 439 N.E.2d 1378 (Ind.Ct.App.1982) (holding trial court's verbatim adoption of one party's proposed findings is not error); *In*

---

1. Feldhaus asserts that the court should be held to its original conclusion during trial that "[t]his is a 20-year marriage and the assets of the marital estate the Court will attempt to divide as equally as possible."

*re Marriage of Siglin,* 555 N.W.2d 846 (Iowa Ct.App.1996) (holding fact that court adopted party's proposed findings and conclusions verbatim did not mean "decision was not product of independent judicial judgment."); *Phillips v. Drake,* 215 Ga. App. 210, 449 S.E.2d 879 (1994) (holding no error results from verbatim adoption of party's proposed findings and conclusions so long as order is supported by evidence). Without becoming a judicial rubber stamp, it is well within the court's discretion to adopt those findings of fact and conclusions of law which it deems most appropriate, regardless of their source.

■ [¶ 15.] Feldhaus also claims, because the parties shared all finances equally over the course of their 20-year marriage, all marital assets, including the parties' respective retirement policies, should be deemed jointly owned and divided equally. We recognize that South Dakota law allows for the distribution of property without regard to title. Specifically, SDCL 25–4–44 provides:

> When divorce is granted, the courts may make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property, the court shall have regard for equity and the circumstances of the parties.

The trial court is not, however, bound to any formulaic computation. Indeed, the statute mandates consideration of equity and the positions of the parties, which frequently require the opposite. We have often noted that "in making an equitable division of property, the trial court is not bound by any mathematical formula, but is to make an award on the basis of the material factors in the case...." *Christians v. Christians,* 2001 SD 142, ¶ 12, 637 N.W.2d 377, 380 (quoting *Garnos v. Garnos,* 376 N.W.2d 571, 572–73 (S.D.1985)).

[¶ 16.] A review of the record reveals that a judicial mind could legitimately have reached the same decision as was reached by the trial court in this case. The court considered all seven of the relevant factors for property division and concluded there were certain inequities that justified the uneven distribution. *See Pellegrin v. Pellegrin,* 1998 SD 19, ¶ 21, 574 N.W.2d 644, 648. Feldhaus is younger than Schreiner, still fully employed, and has the potential to continue increasing her earnings. Schreiner contributed "twice as much as Feldhaus, by way of earnings, towards the accumulation of assets during the course of the marriage." Felhaus is in good health, while Schreiner has a heart condition that could cause significant problems down the road, one of which is surgery. But most importantly, the court was "mindful of the fact that nearly three quarters of [Schreiner's] marital estate is comprised of his retirement plan that has no *cash* value." (emphasis added).

■ [¶ 17.] Feldhaus spends much of her brief arguing that the court impermissibly disregarded the expert testimony, which established the policy's current value at $550,320 by means of statistical prediction, when it stated that the value of the policy was speculative. *See Kennedy v. Hubbard Milling Co.,* 465 N.W.2d 792, 795 (S.D.1991) (stating trial court "should not arbitrarily disregard uncontradicted or undiscredited expert testimony."). This is not, however, a correct characterization of the trial court's actions or statement. The court correctly adopted the *current* value (not *cash* value), as supported by the expert testimony. But it also recognized "the speculative *nature* of the value," in that it is wholly dependent upon how long Schreiner lives. (emphasis added). This is not to say that Schreiner has supported, with medical or scientific evidence, the assertion that his life expectancy will be

shorter than the projected 78 years.[2] It is merely a common sense recognition that Schreiner's retirement policy is not liquid. *See Baltzer v. Baltzer*, 422 N.W.2d 584, 587 (S.D.1988) (upholding trial court's consideration of asset liquidity when making equitable distribution). There is no $550,000 account that Schreiner can access at any time. He can only reap the full amount of the investment by living a certain number of years.

[¶ 18.] By contrast, Feldhaus' policies do have a "cash" value, albeit less than current value, which may be accessed at any time. Feldhaus' retirement plans have a combined cash value of over $195,000. The court also stated, "If [Feldhaus] desires a [Qualified Domestic Relations Order] for an absolute 50/50 split, then [she] will receive her marital share of [Schreiner's] monthly benefit and an equalization payment of $109,993 will need to be made to [Schreiner]." In other words, Feldhaus cannot have her cake and eat it too. She was given the opportunity to receive the 50/50 split that she desired, but she would have to wait for the monthly retirement payments just as Schreiner would. She would also share equally in the risk that he would not live to receive the full value of the policy.

[¶ 19.] We find no abuse of discretion in the trial court's distribution of property and we will not second-guess the trial court's decision where there is sufficient evidence to support its findings. Therefore, we affirm the trial court's distribution of property.

[¶ 20.] SABERS, AMUNDSON, and, KONENKAMP, Justices, and MARTIN, Retired Circuit Judge, concur.

[¶ 21.] MARTIN, Retired Circuit Judge, sitting for ZINTER, Justice, disqualified.

---

**2.** Feldhaus cites *Koenig v. Weber* for the proposition that the court cannot consider Schreiner's heart condition in the seven-factor analysis because Schreiner "did not support his assertions with medical testimony." *See* 84 S.D. 558, 174 N.W.2d 218, 221–22 (1970). Feldhaus' reliance on that case is misguided. *Koenig* is a personal injury case that states:

> The rule in this state is that where an injury is objective and plainly apparent the jury may consider such elements without medical testimony but where the injury is of a subjective nature where laymen could not reasonably know whether there will be future pain and suffering, then expert testimony is required to aid the jury in its determination.

*Id.* Clearly, this rule is not applicable to the circumstances here.